## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAC ACQUISITION LLC, *et al.*,[1] | Case No. 17-12224 (___) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO 28 U.S.C. § 156(c), AUTHORIZING THE RETENTION AND APPOINTMENT OF DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Mac Acquisition LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby file this application (this "Application") for the entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, approving the Debtors' retention and employment of Donlin, Recano & Company, Inc. ("DRC") as claims and noticing agent for the Debtors in lieu of the Clerk (the "Clerk") of the United States Bankruptcy Court for the District of Delaware (the "Court"), effective *nunc pro tunc* to the date hereof (the "Petition Date"). The facts and circumstances supporting this Application are set forth in the concurrently filed *Declaration of Nishant Machado in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration"). In further support of this Application, the Debtors rely on the declaration of Alexander Leventhal (the "Leventhal Declaration"), attached as Exhibit B and incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963). The headquarters for the above-captioned Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

## JURISDICTION AND VENUE

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334(b) and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28

U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), the Debtors consent to the entry of a final order by the Court in connection with this

Application to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory and legal predicates for the relief requested herein are section 156(c) of title

28 of the United States Code (the "Judicial Code"), section 503(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Local Rules 2002-1(f) and 9013-1(m), and the Court's *Protocol*

*for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, instituted by the

Clerk on February 1, 2012 and all revisions and amendments  thereto (the "Claims Agent

Protocol").

## BACKGROUND

2.        On the date hereof (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108

of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors

in possession.

3.        Contemporaneously herewith, the Debtors filed a motion seeking joint

administration of their chapter 11 cases (collectively, the "Chapter 11 Cases") pursuant to

Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

4.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the First Day Declaration.

## **RELIEF REQUESTED**

5.      By this Application, the Debtors seek authority to employ DRC as claims and noticing agent in order to assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Chapter 11 Cases.  The Debtors' selection of DRC to act as the claims and noticing agent has substantially satisfied the Claims Agent Protocol.

6.      In accordance with the Claims Agent Protocol, prior to the selection of DRC, the Debtors reviewed and competitively compared engagement proposals from three court-approved claims and noticing agents, including DRC, to ensure selection through a competitive process. The Debtors submit, based on the engagement proposals obtained and reviewed, that DRC's rates are competitive and reasonable given DRC's quality of services and expertise.

7.      The terms of DRC's retention are set forth in the Standard Claims Administration and Noticing Agreement annexed hereto as Exhibit 1 to Exhibit A (the "Engagement Agreement"); provided, however, that DRC is seeking approval solely of the terms and provisions as set forth in this Application and the Proposed Order attached hereto.[2]

---

[2]      In addition to the filing of this Application, the Debtors intend to file an application (the "Administrative Advisor Application") whereby they seek to employ DRC to provide certain bankruptcy administrative services to the Debtors in these cases.

8.      The Debtors anticipate that there will be thousands of entities to be noticed in the Chapter 11 Cases.  In view of the number of anticipated claimants, the Debtors submit that the appointment of a claims and noticing agent is both necessary and in the best interests of the Debtors' estates and their creditors.

9.      By appointing DRC as the claims and noticing agent in the Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Clerk's office will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

## SERVICES TO BE PROVIDED

10.     This Application pertains only to the work to be performed by DRC under the Clerk's delegation of duties permitted by section 156(c) of the Judicial Code, Local Rule 2002-1(f), and the Claims Agent Protocol, and any work to be performed by DRC outside of this scope is not covered by this Application or by any order granting approval hereof.  Specifically, DRC will perform, to the extent the Debtors or the Clerk request, the following services in its role as claims and noticing agent (the "Claims and Noticing Services"), as well as all quality control relating thereto:

a.      Prepare and serve required notices and documents in the Chapter 11 Cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the form and manner directed by the Debtors and/or the Court, including, if applicable (i) notice of the commencement of the Chapter 11 Cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code, (ii) notices of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of any chapter 11 plan, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any chapter 11 plan, and (vii) all other notices, orders, pleadings, publications, and other documents as the Debtors and/or the Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Cases;

b.      Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules") listing the Debtors' known creditors and the amounts owed thereto;

c.      Maintain (i) a list of all potential creditors, equity holders, and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002 and those parties that have filed a notice of appearance under Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;

d.      Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e.      Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f.      Prepare and file or cause to be filed with the Clerk an affidavit or certificate of service for all notices, motions, orders, and other pleadings or documents served within seven business days of service that includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

g.      Process all proofs of claim received, including those received by the Clerk's office, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h.      (i) Maintain the official claims register for each Debtor (the "Claims Register") on behalf of the Clerk; (ii) upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and (iii) specify in the Claims Registers the following information for each claim docketed:  (A) the claim number assigned, (B) the date received, (C) the name and address of the claimant and agent, if applicable, who filed the claim, (D) the amount asserted, (E) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.), (F) the applicable Debtor, and (G) any disposition of the claim;

i.      Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

j.    Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

k.    Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of DRC, not less than weekly;

l.    Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

m.    Monitor the Court's docket for all notices of appearance, address changes, claims-related pleadings, and orders filed, and make necessary notations on and/or changes to the Claims Registers;

n.    Assist in the dissemination of information to the public and respond to requests for administrative information regarding the Chapter 11 Cases, as directed by the Debtors and/or the Court, including through the use of a case website and/or call center;

o.    If the case is converted to chapter 7, contact the Clerk's office within three (3) days of the notice to DRC of entry of the order converting the case;

p.    Thirty (30) days prior to the close of the Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing DRC and terminating DRC's services upon completion of its duties and responsibilities and upon the closing of the Chapter 11 Cases;

q.    Within seven (7) days of notice to DRC of the entry of an order closing the Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the Chapter 11 Cases; and

r.    At the close of the Chapter 11 Cases, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Archives Record Administration, located at 14700 Townsend Road, Philadelphia, PA 19154-1096, or (ii) any other location requested by the Clerk's office.

11.    The Claims Register shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by DRC.  DRC shall not employ any past or present employee of the Debtors for work that involves the Debtors' bankruptcy cases.

12.     DRC will follow the notice and claim procedures that conform to the guidelines promulgated by the Clerk's office, section 331 of the Judicial Code, or as otherwise directed by the Court.

## DRC'S QUALIFICATIONS

13.     DRC specializes in providing comprehensive chapter 11 administrative services, including noticing, claims processing, balloting, and other related services critical to the effective administration of chapter 11 cases.  Indeed, DRC has developed efficient and cost-effective methods to properly handle the voluminous mailings associated with the noticing, claims processing, and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders, and all other parties in interest.  Further, DRC has experience working with, and will continue to work with, the Clerk to ensure that the services provided conform to all of the Court's procedures, the Local Rules, and the provisions of any orders entered by the Court.  Accordingly, the Debtors' estates and their creditors will benefit from DRC's retention because DRC has developed efficient and cost-effective methods in this area of expertise.

14.     DRC has substantial experience in matters of this size and complexity, and has acted as the official claims and noticing agent in many large bankruptcy cases filed in this district.

## COMPENSATION AND REPRESENTATION OF DISINTERESTEDNESS

15.     The Debtors respectfully request that the undisputed fees and expenses incurred by DRC in the performance of the above services be treated as administrative expenses of the Debtors' estates pursuant to section 156(c) of the Judicial Code and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.  DRC agrees to maintain records of all services showing dates, categories of

services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the

Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel for

the Debtors, counsel for any official committee, counsel for Raven Capital Management LLC,

counsel for Bank of Colorado, counsel for Riesen Funding LLC, and any party in interest who

specifically requests service of the monthly invoices.  If any dispute arises relating to the

Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to

resolve the dispute.  If resolution is not achieved, the parties may seek resolution of the matter

from the Court.

16.    Prior to the Petition Date, the Debtors provided DRC a retainer in the amount of

$15,000, which was applied to prepetition fees under the Engagement Agreement and the

services agreement that is the subject of the Administrative Advisor Application.  In addition,

DRC received certain payments from the Debtors for services performed prior to the Petition

Date, as more fully set forth in the Leventhal Declaration.  DRC seeks to first apply the retainer

to all pre-petition invoices, thereafter, to have the retainer replenished to the original retainer

amount, and thereafter, to hold the retainer under the Engagement Agreement during the Chapter

11 Cases as security for the payment of fees and expenses under the Engagement Agreement.

17.    In connection with its retention as the claims and noticing agent, DRC represents

in the Leventhal Declaration, among other things, that:

    a.    DRC will not consider itself employed by the United States government
and shall not seek any compensation from the United States government in
its capacity as the claims and noticing agent in the Chapter 11 Cases;

    b.    By accepting employment in the Chapter 11 Cases, DRC waives any right
to receive compensation from the United States government in connection
with the Chapter 11 Cases;

    c.    In its capacity as claims and noticing agent in the Chapter 11 Cases, DRC
will not be an agent of the United States and will not act on behalf of the
United States; and

8

d.      It is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

18.     To the extent that there is any inconsistency between this Application, the Proposed Order, and the Engagement Agreement, the Debtors respectfully submit that the Proposed Order shall govern.

19.     The Debtors represent that this Application complies with the Claims Agent Protocol and conforms to the standard application pursuant to section 156(c) of the Judicial Code used in this district.

## **INDEMNIFICATION**

20.     As part of the overall compensation payable to DRC under the terms of the Engagement Agreement, the Debtors have agreed to certain indemnification and contribution obligations as set forth in the Engagement Agreement, to the extent permitted by applicable law and as modified in the Proposed Order attached hereto as Exhibit A.

21.     The terms of the Engagement Agreement and indemnification provisions included therein were negotiated at arms' length between the Debtors and DRC, and the Debtors respectfully submit that these provisions are reasonable and in the best interests of the Debtors, their estates, and their creditors.  Moreover, consistent with the practice in this jurisdiction, the Debtors requested, and DRC has agreed, that the Court approve the indemnification provisions reflected in the Engagement Agreement subject to the modifications set forth in the Proposed Order attached hereto as Exhibit A.  The Debtors believe that the proposed modifications to the indemnification provisions of the Engagement Agreement are appropriate under the circumstances, are consistent with recent orders entered in this jurisdiction, and should be approved.

## *NUNC PRO TUNC* RELIEF IS APPROPRIATE

22.     Pursuant to the Debtors' request, DRC has acted as the claims and noticing agent since the Petition Date with assurances that the Debtors would seek approval of its employment and retention, effective *nunc pro tunc* to the Petition Date, so that DRC may be compensated for its services prior to entry of an order approving DRC's retention.  The Debtors believe that no party in interest will be prejudiced by granting DRC's *nunc pro tunc* employment, because DRC has provided and continues to provide valuable services to the Debtors' estates in the interim period.

23.     Courts in this jurisdiction have routinely approved *nunc pro tunc* employment similar to that requested herein in comparable matters.  *See, e.g.*, *In re Marsh Supermarkets Holding, LLC*, No. 17-11066 (BLS) (Bankr. D. Del. May 12, 2017) (approving *nunc pro tunc* retention of claims agent to perform claims and noticing services); *In re Roadhouse Holding Inc.*, No. 16-11819 (BLS) (Bankr. D. Del. Aug. 9, 2016) (same); *see also* Local Rule 2014-1(b) ("If the retention motion is granted, the retention shall be effective as of the date the motion was filed, unless the Court orders otherwise.").

24.     Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Judicial Code, the Local Rules, and the Claims Agent Protocol. Accordingly, the Debtors respectfully request entry of an order pursuant to section 156(c) of the Judicial Code, Local Rule 2002-1(f), and the Claims Agent Protocol authorizing the Debtors to retain and employ DRC to act as the Debtors' claims and noticing agent, effective *nunc pro tunc* to the Petition Date.

## NOTICE

25.    The Debtors have provided notice of this Application to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for Raven Capital Management LLC; (vi) counsel for Bank of Colorado; (vii) counsel for Riesen Funding LLC; (viii) the Debtors' cash management banks; and (ix) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis).  Notice of this Application and any order entered on this Application will be served as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration,

the Debtors respectfully request entry of an order, substantially in the form attached hereto as

Exhibit A:  (a) approving the Engagement Agreement and the Debtors' retention and

employment of DRC as claims and noticing agent for the Debtors in the Chapter 11 Cases,

effective *nunc pro tunc* to the Petition Date; and (b) granting related relief.

Wilmington, Delaware
Dated: October 18, 2017

Respectfully submitted,
Mac Acquisition LLC, *et al.*

Nishant Machado
President, Chief Executive Officer & Chief
Restructuring Officer

*[Claims Agent Retention Application Signature Page]*

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAC ACQUISITION LLC, *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Doc. No. ___** |

**ORDER PURSUANT TO 28 U.S.C. § 156(c) (A) APPROVING THE RETENTION
AND APPOINTMENT OF DONLIN, RECANO & COMPANY, INC. AS
CLAIMS AND NOTICING AGENT FOR THE DEBTORS, EFFECTIVE *NUNC
PRO TUNC* TO THE PETITION DATE AND (B) GRANTING RELATED RELIEF**

Upon the *Debtors' Application for Entry of an Order, Pursuant to 28 U.S.C. § 156(c),*

*Authorizing the Retention and Appointment of Donlin, Recano & Company, Inc. as Claims and*

*Noticing Agent for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application")[2] filed by

the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon

consideration of the First Day Declaration; and this Court having found that it has jurisdiction to

consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and this Court having found that venue of these

cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and

this Court having determined that it may enter a final order consistent with Article III of the

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963).  The headquarters for the above-captioned Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing on the Application and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized to retain DRC effective *nunc pro tunc* to the Petition Date, under the terms of the Engagement Agreement, and DRC is authorized and directed to perform the Claims and Noticing Services as described in the Application.

3.      DRC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases, if any, and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4.      DRC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5.      DRC is authorized to take such other action to comply with all duties set forth in the Application.

6.      The Debtors are authorized to compensate DRC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the

services provided by DRC and the rates charged for each, and to reimburse DRC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for DRC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7.      DRC shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee, counsel for Raven Capital Management LLC, counsel for Bank of Colorado, counsel for Riesen Funding LLC, and any party in interest who specifically requests service of the monthly invoices.

8.      If any dispute arises relating to the Engagement Agreement or DRC's monthly invoices, the parties shall meet and confer in an attempt to resolve such dispute, and the parties may seek resolution of the matter from this Court if resolution is not achieved.

9.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, DRC's fees and expenses under this Order shall be an administrative expense of the Debtors' estates.

10.     DRC may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, DRC may hold its retainer under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

11.     The Debtors shall indemnify DRC under the terms of the Engagement Agreement, subject to the following modifications:

   a.      Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, DRC in accordance with the Engagement Agreement and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with DRC's performance of the services described in the Engagement Agreement;

b.      DRC shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

c.      Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of DRC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

d.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, DRC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, DRC must file an application before this Court, and the Debtors may not pay any such amounts to DRC before the entry of an order by this Court approving the payment.  This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by DRC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify DRC. All parties in interest shall retain the right to object to any demand by DRC for indemnification, contribution or reimbursement.

12.     DRC shall comply with all relevant statutory provisions and rules of procedure, including local rules of procedure, general orders, and applicable guidelines.

13.     Debtors' counsel shall notify both the Clerk's office and DRC within seven (7) days of an order dismissing or converting the Debtors' cases.

14.     In the event DRC is unable to provide the services set out in this Order, DRC will immediately notify the Clerk and Debtors' counsel and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

15.     The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by DRC but is not specifically authorized by this Order.

16.     DRC shall not cease providing claims processing services during the case(s) for any reason, including nonpayment, without an order of the Court.

17.     At the end of the Chapter 11 Cases or upon termination of DRC's services, the Debtors or the Trustee must obtain a termination order to terminate the services of DRC.  DRC is responsible for archiving all claims with the Federal Archives Record Administration, if applicable.

18.     In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

19.     The Debtors and DRC are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

20.     Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____
        Wilmington, Delaware
                                    _____

                                    UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

## **ENGAGEMENT AGREEMENT**

## Donlin, Recano & Company, Inc.

### STANDARD CLAIMS ADMINISTRATION AND NOTICING AGREEMENT

### <u>TERMS AND CONDITIONS</u>

Donlin, Recano & Company, Inc. (hereinafter called "DRC") agrees to provide Mac Acquisition, LLC, including but not limited to any and all bankruptcy cases filed by any affiliate of Mac Acquisition, LLC (hereinafter called the "Client") and Client agrees to purchase Services, (as defined below) upon the terms and conditions and other provisions stated herein.  Client agrees and understands that none of the services constitute legal advice.

**1.  <u>SERVICES:</u>** DRC agrees to provide the Client with consulting services regarding noticing and claims management and reconciliation, and any other services agreed upon by the parties or otherwise required by applicable law, government regulations, or court rules or orders. A more detailed description of the types of services offered by DRC, as well as the fees charged for such services, is annexed hereto as Schedule A.

**2.  <u>CHARGES</u>**: All charges shall be based upon the time and materials incurred by DRC, billed at the DRC then prevailing standard rate unless another rate schedule is specifically and mutually agreed upon herein. DRC reserves its rights to adjust its standard rates in January of each year to reflect changes in the business and economic environment. In the event that rates are based other than on time and materials, and such other basis for rates is set forth herein, the Client agrees to pay, in addition to those rates, for all charges, incurred by DRC as a result of Client error or omission as determined by DRC.  Such charges shall include but shall not be limited to re-runs and any additional clerical work, phone calls, travel expenses, or any other disbursements. When possible, DRC will notify Client in advance of any additional charges.  Checks are accepted subject to collection and the date of collection shall be deemed the date of payment.  Any check received from Client under this Agreement may be applied by DRC against any obligation owing by Client to DRC under this Agreement , and an acceptance by DRC of any partial payment shall not constitute a waiver of DRC's right to pursue the collection of any remaining balance.  DRC requires advance deposits for all noticing, newspaper publishing or other significant expenditures as defined by DRC.  In addition, Client shall reimburse DRC for all actual out-of-pocket expenses reasonably incurred by DRC.  The out-of-pocket expenses may include, but are not limited to, postage, delivery services, travel, meals and other similar costs and expenses.  In addition to all charges for services and materials hereunder, Client shall pay to DRC all taxes, however designated, levied or based that are applicable to this Agreement or are measured directly by payments made under this Agreement and are required to be collected by DRC or paid by DRC to taxing authorities.  This provision, includes but is not limited to, sales, use and excise taxes, but does not include personal property taxes or taxes based on net income. In the event the Client files for protection pursuant to chapter 11 of title 11 of the United States Code, the parties intend that DRC shall be employed pursuant to 28 U.S.C §156(c), and that all fees and expenses due under this agreement shall be paid as administrative expenses of the Client's chapter 11 estate(s). In the event the Client's bankruptcy case(s) is converted to a chapter 7 case(s), any unpaid fees and costs with respect to this Agreement shall be treated as a chapter 11 administrative expense claim.

**3.  <u>TRANSPORTATION OF DATA</u>**:  Data submitted by the Client to DRC for processing shall be transported at the Client's risk and expense to and from the DRC office.  In the event the Client fails to deliver the input data to DRC at the time scheduled, the Client agrees that DRC may extend, as necessary, the time for the completion of processing of such data.  Client further agrees that the time for the completion or processing of such data may be extended because of the following holidays in addition to any Bank holidays recognized in the city in which DRC is located:  New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day. In any event, DRC does not warrant or represent that shipment or availability dates will be met, but will use its best efforts to do so.  If DRC is required to stay open to perform required tasks on such days, an additional mutually agreed upon cost may be required by DRC.

**Donlin, Recano & Company, Inc.**

**4. EVERGREEN RETAINER & INVOICES**:   At the commencement of this engagement, the Client shall pay to DRC an advance payment retainer (the "Retainer") in the amount of $15,000**.** The Retainer shall be an "evergreen" retainer and shall be applied to the payment of the final invoice from DRC for this engagement. DRC may apply the Retainer to any other invoice in its absolute discretion, and upon notice thereof from DRC, the Client shall replenish the Retainer.  Invoices for pre-petition services shall be paid in full, and may be satisfied, in the absolute discretion of DRC, out of the Retainer.  Client shall pay the charges set forth in Schedule A, attached hereto.  DRC shall invoice the Client monthly for all services rendered during the preceding month.  Charges for a partial month's service shall be prorated based on a thirty (30) day month. Terms are net 20 days following the date of billing, subject to extension for any Court-imposed notice and objection period.  Failure to timely pay any fees, costs or other amounts to DRC shall be a breach of this Agreement (a "Failure to Pay").  Notwithstanding anything else contained in this Agreement, in the event of a Failure to Pay, DRC reserves the right to withhold reports and materials of the Client, in addition to all other remedies available to DRC.  Upon a Failure to Pay, DRC  may assess a late charge at a rate of one and one-half percent (1-1/2%) per month or the highest rate permitted by law, whichever is less, on all unpaid amounts until paid in full. DRC shall also have the right, at its option, to terminate this agreement for non payment of invoices after 30 days from the date unpaid invoices are rendered (a "Non-Payment Breach").  If the invoice amount is disputed, notice shall be given to DRC within ten (10) days of receipt of the invoice by the Client or in such longer period under any Court-imposed notice and objection period.  The undisputed portion of the invoice will remain due and payable.  Late charges shall not accrue on any amounts in dispute.  Notwithstanding anything contained in this agreement to the contrary, a Failure to Pay shall under no circumstances be construed as an agreement by DRC to reduce or waive DRC's fees and expenses.  The Client shall not agree or otherwise consent to a unilateral reduction or waiver of DRC fees and expenses without the explicit written consent of DRC and any such agreement or consent to such reduction or waiver by the Client without DRC's explicit written consent shall be deemed null and void and constitute a breach of this Agreement (a "Material Breach"). Notwithstanding anything contained in this agreement to the contrary, upon the occurrence of a Material Breach, DRC shall have the right, at its option, to terminate this agreement upon five (5) business days' notice to the Client.

The exercise of any rights or remedies by DRC under section 4 of this Agreement shall be subject to any limitations on the exercise of such rights or remedies imposed under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the local rules of any court having jurisdiction over Client's bankruptcy case(s) (the "Bankruptcy Court"), and any applicable orders entered in Client's case(s).

**5. STORAGE**:  Client shall assume the risks and DRC shall not be responsible for any damages, liability or expenses incurred in connection with any delay in delivery of or damage to cards, disks, magnetic tapes or any input data furnished by Client unless DRC has agreed in writing to assume such responsibility.  Forms storage at DRC beyond a normal 90 day supply will be billed at standard warehousing rates established by DRC.

**6. E-MAIL COMMUNICATIONS**:  DRC and the Client and its agents acknowledge that they may wish to communicate electronically with each other at a business e-mail address.  However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Accordingly, each party agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus-free.  It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents, whether received on disk or otherwise.

**7. SUPPLIES**:  All supplies shall be furnished at Client's expense.



01:22434396.2

**Donlin, Recano & Company, Inc.**

**8.** **WARRANTY AND RELIANCE**:  Client acknowledges and agrees that DRC will take direction from the Client's representatives, employees, agents and/or professionals (collectively, the "Client Parties") with respect to services being provided under this Agreement.  Client and DRC agree that DRC may rely upon, and the Client agrees to be bound by, any requests, advice or information provided by the Client Parties to the same extent as if such requests, advice or information were provided by the Client.  DRC shall have the right to rely on the accuracy of all data provided by the Client and the Client Parties to DRC.  Client is responsible for the accuracy of all programs, data and other information it submits to DRC.  The DRC warranty under this agreement shall be limited to the re-running at its expense, of any inaccurate reports provided that such inaccuracies were caused solely as a result of performance hereunder and provided further that DRC shall receive written notice of such inaccuracies within thirty (30) days of delivery of such report.  If said notice is not made to DRC within the prescribed time limit Client is due and liable for all charges. Unless the Bankruptcy Court orders otherwise, Client agrees that the foregoing constitutes the exclusive remedy available to it.

**9.** **TERM**:  This agreement shall be effective from the date upon which it is accepted by DRC as set forth herein and shall remain in force until terminated by either party upon thirty days' written notice to the other party or by DRC upon occurrence of a Non-Payment Breach or a Material Breach, as defined in paragraph 4 above.  In the event that a chapter 7 trustee, chapter 11 trustee or chapter 11 liquidating trustee is appointed, this agreement will remain in effect until an order of the Bankruptcy Court is entered discharging DRC from service and responsibility under this Agreement.  The payment obligation and the indemnity obligation set forth in sections 4 and 11 herein, respectively, shall survive termination of this Agreement.  In the event this Agreement is terminated, DRC shall coordinate with the Client and, to the extent applicable, the Office of the Clerk of the Bankruptcy Court, for an orderly transfer of record keeping functions and shall provide all necessary staff, services and assistance required for such orderly transfer.  Client agrees to pay for such services in accordance with DRC's then existing fees for such services.  If termination of this Agreement occurs following entry of an order by the Bankruptcy Court approving DRC's retention under 28 U.S.C. § 156 (c), then DRC may immediately seek entry of an order that discharges DRC from service and responsibility under this Agreement and 28 U.S.C. § 156 (c).

**10.** **TERMS OF AGREEMENT**:  The terms of this Agreement prevail over any and all terms contained in Client's purchase order or authorization and no waiver, discharge, or modification of the terms of this Agreement shall bind DRC unless in writing and signed by an authorized representative of DRC.

**11.** **INDEMNIFICATION**:  The Client shall indemnify and hold DRC and its affiliates, officers, directors, agents, employees, consultants, and subcontractors (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, liabilities, costs, obligations, judgments, causes of action, charges (including, without limitation, costs of preparation and attorneys' fees) and expenses as incurred (collectively, "Losses"), arising out of or relating to (a) this Agreement or DRC's rendering of services pursuant hereto (including any erroneous instructions or information provided to DRC by the Client or the Client Parties for use in providing services under this Agreement), (b) any breach or alleged breach of this Agreement by Client, or (c) any negligence or willful or reckless actions or  misconduct of Client or Client Parties with respect to this Agreement, other than Losses resulting solely from DRC's gross negligence or willful misconduct.  Without limiting the generality of the foregoing, "Losses" includes any liabilities resulting from claims by third persons against any Indemnified Parties.  The Client shall notify DRC in writing promptly of the institution, threat or assertion of any claim of which the Client is aware with respect to the services provided by DRC under this Agreement. Such indemnity shall remain in full force and effect regardless of any investigation made by or on behalf of DRC and shall survive the termination of this Agreement until the expiration of all applicable statutes of limitation with respect to DRC's liabilities.

**12.** **CONFIDENTIALITY:**  Each of DRC and the Client, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records,

**Donlin, Recano & Company, Inc.**

systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five (5) business days' written notice to the other party, release the required information.

13. **OWNERSHIP OF PROGRAMS**:  Unless otherwise agreed in writing, all programs developed by DRC in connection with any services to be performed under this Agreement shall remain the sole property of DRC.  All programs and/or systems documentation in the possession of DRC which DRC has agreed in writing to return to the Client, prepared for the Client by DRC, shall be returned to the Client upon demand providing all charges for such programming and/or systems documentation have been paid in full.

14. **SYSTEMS IMPROVEMENTS:**  DRC's policy is to provide continuous improvements in the quality of service to its clients.  DRC, therefore, reserves the right to make changes in operating procedures, operating systems, programming languages, application programs, time period of accessibility, equipment, and the DRC data center serving the Client, so long as any such changes do not materially interfere with ongoing services provided to the Client in connection with the Client's chapter 11 case.

15. **UNUSUAL MEASURES**:  Where the Client requires measures that are unusual and beyond the normal business practice and hours of DRC such as, but not limited to, CPA Audit, Errors and Omissions Insurance, and/or Off-Premises Storage of Data, the cost of such measures, if provided by DRC, shall be charged to the Client.  Said charges may be required in advance if DRC deems it appropriate.

16. **JURISDICTION.**  In the event that Client commences a case under title 11 of the United States Code, this Agreement shall be subject to approval by the Bankruptcy Court and such court shall retain jurisdiction over all matters regarding this Agreement.

17. **FORCE MAJEURE.**  Whenever performance by DRC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock out or other industrial or transportational disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions, or by reasons of any other matter beyond DRC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.



01:22434396.2

**Donlin, Recano & Company, Inc.**

**18.  NOTICE.**  Any notice or other communication required or permitted hereunder shall be in writing and shall be delivered personally, or sent by registered mail, postage prepaid, or overnight courier.  Any such notice shall be deemed given when so delivered personally, or, if mailed, five days after the date of deposit in the United States mail, or, if sent by overnight courier, one business day after delivery to such courier, as follows:  if to DRC, to Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219, Attention:  Alexander Leventhal, Esq.; if to the Client, to Mac Acquisition LLC, 1855 Blake St., Ste. 200, Denver, CO 80202, Attention President, with a copy (which shall not constitute notice) to Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801, Attention: Michael R. Nestor, Esq. and Edmon L. Morton, Esq.

**19.  GOVERNING LAW.**  This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to its conflict of laws provisions).

**20.  SEVERABILITY.**  All clauses and covenants contained in this Agreement are severable and in the event any of them are held to be invalid by any court, such clause or covenant shall be valid and enforced to the maximum extent as to which it may be valid and enforceable, and this Agreement will be interpreted as if such invalid clauses or covenants were not contained herein.

**21.  ASSIGNMENT.**  This Agreement and the rights and obligations of DRC and the Client hereunder shall bind and inure to the benefit of any successors or assigns thereto.

*[remainder of page intentionally blank]*



**Donlin, Recano & Company, Inc.**

**22. GENERAL:** The terms and conditions of this Agreement may be modified by DRC upon one (1) month's prior written notice to Client. Client will not employ any DRC employee within two (2) years from the termination of this Agreement. The term "this Agreement" as used herein includes any future written amendments, modifications, supplements or schedules duly executed by Client and DRC. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument. A facsimile copy, photocopy or imaged copy of this Agreement shall be considered an original copy. The Client shall file an application with the Bankruptcy Court seeking approval of this Agreement (the "Application"), the form and substance of which shall be reasonably acceptable to DRC. If an order is entered approving such Application (the "Order"), any discrepancies between this Agreement, the Application and the Order shall be controlled by the Application and Order.

Accepted and Approved:

Donlin, Recano & Company, Inc.
6201 15th Avenue 11219
Brooklyn, New York

By:            *ROLAND W. TOMFORDE*

Signature:     *Roland W. Tomforde*

Title:         *COO*

Date:          *10/12/17.*


Accepted and Approved:

Mac Acquisition, LLC
Nishant Machado, President
1855 Blake St., Ste. 200Denver, CO 80202

By:            *NISHANT    MACHADO*

Signature:     *N. Machado*

Title:         *CRO*

Date:          *10/11/17*

This Agreement is subject to the terms and conditions set forth herein. Client acknowledges reading and understanding it and agrees to be bound by its terms and conditions and further agrees that it is the complete and exclusive statement of the Agreement between the parties, which supersedes all proposals oral or written and other prior communications between the parties relating to the subject matter of this Agreement.

 Donlin Recano

www.donlinrecano.com

01:22434396.2

**Donlin, Recano & Company, Inc.**

**SCHEDULE A**
**Mac Acquisition, LLC**
**Fee Schedule**

| Professional Service | Hourly Rates |
| --- | --- |
| Senior Bankruptcy Consultant | $140 |
| Case Manager | $112 |
| Technology/Programming Consultant | $88 |
| Consultant/Analyst | $72 |
| Clerical | $45 |
| **Noticing Service** | |
| Laser Printing/ Photocopies | $.08 per Image |
| Personalization/ Labels | WAIVED |
| Fax (Incoming) | WAIVED |
| Fax Noticing | $.05 per Page |
| Postage and Overnight Delivery | At Cost |
| Electronic Noticing | WAIVED |
| Publication Services | At Cost |
| **Solicitation, Balloting, Schedule/SOFA** | |
| Print and Mail Ballots/Plan Disbursements | Print/hourly fees above – Plan/DS media varies |
| Set-up Tabulation & Vote Verification | $72 - $140 as needed |
| Public Securities Solicitation | N/A |
| Schedule/SOFA preparation | $72 - $156 per Hour |
| **Claims Docketing and Management** | |
| Website Development | $72 per Hour |
| Web Hosting | WAIVED |
| Creditor Data Storage/ Electronic Document Storage | $.05 per record monthly WAIVED FOR 6 MONTHS |
| Document Imaging | $.08 per Image |
| Electronic Claims filing | No Set-up charge or per claim charge |
| **Data Room Services** | |
| DRC DocuLinks™ Virtual Data Room Services | Hosting WAIVED |
| Data Room Development | $72 per Hour |
| **Miscellaneous** | |
| Out-of-Pocket Expenses (including any required travel) | At Cost |
| Call Center Operators | $65 per hour |

**<u>EXHIBIT B</u>**

**LEVENTHAL DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAC ACQUISITION LLC, *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DECLARATION OF ALEXANDER T. LEVENTHAL IN SUPPORT OF
DEBTORS' APPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO
28 U.S.C. § 156(c), AUTHORIZING THE RETENTION AND APPOINTMENT OF
DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING AGENT FOR
THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Alexander T. Leventhal, under penalty of perjury, declare as follows:

1.      I am the President and Chief Executive Officer of Donlin, Recano & Company,

Inc. ("DRC"), a chapter 11 administrative services firm, whose offices are located at 6201 15th

Avenue, Brooklyn, New York 11219.

2.      I submit this declaration (this "Declaration") in support of the *Debtors'*

*Application for Entry of an Order, Pursuant to 28 U.S.C. § 156(c), Authorizing the Retention and*

*Appointment of Donlin, Recano & Company, Inc. as Claims and Noticing Agent for the Debtors,*

Nunc Pro Tunc *to the Petition Date* (the "Application")[2].  Except as otherwise noted, I have

personal knowledge of the facts contained in this Declaration.

3.      As custodian of the Court's records pursuant to 28 U.S.C. § 156(c), DRC will

perform, at the request of the Clerk, the noticing and claims-related services specified in the

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963).  The headquarters for the above-captioned Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

01:22450518.3

Application and the Engagement Agreement.   In addition, at the Debtors' request, DRC will perform such other noticing, claims, solicitation/balloting, administrative, technical, and support services specified in the Application and the Engagement Agreement.

4.     DRC is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation and balloting, and facilitating other administrative aspects of chapter 11 cases.  DRC has provided identical or substantially similar services in other chapter 11 cases, including, among others:  *In re Bostwick Laboratories, Inc., et al.* Case No. 17-10570 (BLS) (Bankr. D. Del. 2017); *In re Emerald Oil, Inc., et al.*, Case No. 16-10704 (KG) (Bankr. D. Del. 2016); *In re Roadhouse Holding Inc., et al.*, Case No. 16-11819 (BLS) (Bankr. D. Del. 2016); *In re Solutions Liquidation LLC, et al.,* Case No. 16-10627 (CSS) (Bankr. D. Del. 2016); *In re Newbury Common Associates, LLC, et al.*, Case No. 15-12507 (LSS) (Bankr. D. Del. 2015); *In re Boomerang Tube, LLC, et al.*, Case No. 15-11247 (MFW) (Bankr. D. Del. 2015*)*; *In re Seal 123, Inc. et al*., Case No. 15-10081(CSS) (Bankr. D. Del. 2015); *In re Egenix, Inc.*, Case No. 14-12818 (BLS) (Bankr. D. Del. 2014); *In re Longview Power, LLC, et al.,* Case No. 13-12211 (BLS) (Bankr. D. Del. 2013); *In re Rural/Metro Corporation et al.*, Case No. 13-11952 (KJC) (Bankr. D. Del. 2013); *In re Handy Hardware Wholesale, Inc.*, Case No. 13-10060 (MFW) (Bankr. D. Del. 2013).

5.     DRC represents, among other things, that:

    (a)     it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in the Chapter 11 Cases;

    (b)     by accepting employment in the Chapter 11 Cases, DRC waives any right to receive compensation from the United States government;

    (c)     in its capacity as the claims and noticing agent in the Chapter 11 Cases, it will not be an agent of the United States and will not act on behalf of the United States; and

(d)    it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

6.    To the best of my knowledge and belief, and based solely upon information provided to me by the Debtors, and except as provided herein, neither DRC, nor any employee of DRC, holds nor represents any interest materially adverse to the Debtors, their estates, or their creditors with respect to matters upon which DRC is to be engaged.

7.    To the best of my knowledge and belief, and based solely upon information provided to me by the Debtors and except as provided herein, neither DRC, nor any employee of DRC, has any materially adverse connections to the Debtors, its creditors or equity interest holders, or other relevant parties, their respective attorneys and accountants, any United States Bankruptcy Judge for the District of Delaware, the United States Trustee for the District of Delaware, or any person employed by that office of the United States Trustee, that would conflict with the scope of DRC's retention or would create any interest adverse to the Debtors' estates or any other party-in-interest.

8.    The Debtors have many creditors and, from time to time, DRC may have represented certain of those creditors in completely unrelated matters.  Proposed bankruptcy counsel for the Debtors has provided me with a list of the Debtors' creditors and other parties-in-interest (the "Conflicts List"), a copy of which is attached hereto as Exhibit 1.  I have caused an examination of these records to be made to determine which, if any, of the parties on the Conflicts List DRC may have represented in the past or may be representing at the present time in totally unrelated matters.  This search has disclosed that, to the best of my present knowledge, DRC has not in the past and is not currently representing any of the parties on the Conflicts List.

9.      In addition, DRC has identified numerous vendors appearing on the Conflicts List that are also vendors of DRC, but DRC has not in the past, and is not currently, representing any of those vendors.

10.      Certain of DRC's professionals were formerly employed by firms that may be creditors or may provide professional services to parties in interest in these cases.  Such firms include Gavin Solmonese LLC; Klehr Harrison Harvey Branzburg LLP; Whiteford Taylor Preston; Buchanan Ingersoll & Rooney PC; Paul Hastings LLP; Paul, Weiss, Rifkind, Wharton & Garrison LLP; Kaye Scholer LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Sheppard, Mullin, Richter & Hampton LLP; Baker & McKenzie LLP; Clifford Chance LLP; Hughes Hubbard & Reed LLP; Davis Polk & Wardwell LLP; Levene, Neale, Bender, Yoo & Brill L.L.P.; Law Offices of David Carlebach, Esq.; Blank Rome LLP; Anderson Kill P.C.; Willkie Farr & Gallagher LLP; Dechert LLP; Pryor Cashman LLP; Schulte Roth & Zabel LLP; Kurtzman Carson Consultants LLC; Epiq Bankruptcy Solutions, LLC; Rust Consulting/Omni Bankruptcy; and Wells Fargo Bank.  Except as disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms.  Moreover, these professionals were not employed by their previous firms when the Chapter 11 Cases was filed.

11.      DRC is an affiliate of American Stock Transfer & Trust Company, LLC ("AST"). AST is a global financial communications and stakeholder management company.  Within the AST corporate structure, DRC operates as a separate and independent legal entity.  Given the legal and operational separateness of DRC from AST, DRC does not believe that any relationships that AST and its affiliates maintain would create an interest of DRC that would be materially adverse to the Debtor's estate or any class of creditors or equity security holders.

12.     There may be other creditors of the Debtors that DRC may have or may be presently representing, but in no event is DRC representing any other creditor with respect to the Debtors' bankruptcy proceeding.  To the extent I become aware of DRC having represented any other creditors of the Debtors, I will file a supplemental declaration advising the Court of the same.  To the extent that DRC discovers any facts bearing on matters described herein, DRC will supplement the information contained herein.

13.     Notwithstanding anything contained herein, as part of its diverse business, DRC is the noticing, claims, and balloting agent for debtors in numerous cases involving many different creditors (including taxing authorities), professionals, including attorneys, accountants, investment bankers, and financial consultants, some of which may be creditors or represent creditors; and parties-in-interest in the Chapter 11 Cases.  In addition, DRC has in the past and will likely in the future continue working with or against other professionals involved in the Chapter 11 Cases in matters unrelated to the Chapter 11 Cases.  Based upon my current knowledge of the parties involved, and to the best of my knowledge, none of these business relations constitute interests adverse to that of the creditors, or the Debtors' estates, with respect to the matter upon which DRC is to be engaged.  Additionally, DRC employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the Debtors. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to the Chapter 11 Cases.

14.     Based upon the information available to me, I believe that DRC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, in that DRC and its personnel: (a) are not creditors, equity security holders, or insiders of the Debtors; (b) are not and were not, within two years before the date of the filing of the Chapter 11 Cases, a director,

officer, or employee of the Debtors; and (c) do not have an interest materially adverse to the interests of the Debtors' estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.  Prior to the filing of the chapter 11 case, the Debtors paid DRC a retainer of $15,000.

15.     In performing the services identified above, DRC will charge the rates set forth in Schedule A to the Engagement Agreement annexed to the Application as Exhibit A.  The rates set forth therein are as favorable and reasonable as the prices DRC charges in cases in which it has been retained to perform similar bankruptcy related services.

16.     DRC will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Wilmington, Delaware                            Respectfully submitted,
Dated:  October 18, 2017                         Donlin Recano & Company, Inc.


                                                 */s/ Alexander T. Leventhal*
                                                  Alexander T. Leventhal
                                                  President & Chief Executive Officer

**<u>Exhibit 1</u>**

**Conflicts List**

| |
|---|
| MAC Acquisition, LLC |
| Romano's Macaroni Grill |
| Redrock Partners, LLC |
| Mac Parent LLC |
| Mac Holding LLC |
| Macaroni Grill Services LLC |
| Mac Acquisition of Delaware LLC |
| RMG Development LLC |
| Mac Acquisition IP LLC |
| Mac Acquisition of New Jersey LLC |
| Mac Acquisition of Kansas LLC |
| Mac Acquisition of Anne Arundel County LLC |
| Mac Acquisition of Frederick County LLC |
| Mac Acquisition of Baltimore County LLC |

| |
|---|
| Machado, Nishant |
| Riesen, Dean A. |
| Maturo, Pasquale |
| Norris, Timothy D. |
| Udelson, Alix |
| Reid, Betty H. |
| Richard, Laura |
| Nagy, Cindy M. fka Cindy Castle-Behlert |

| |
|---|
| Bank of Colorado |
| Raven Capital Management LLC |
| Riesen Funding LLC |
| Winston & Strawn LLP |

| |
|---|
| Riesen, Dean A. |

| |
|---|
| Beson, Maran |
| Bghigh, Hanae |
| Calabrese, Adam |
| Chadha, Mamta |
| Chadha, Manish |
| Chadha, Sahiba |
| Chadha, Subash |
| Dinova, Inc. |
| Dolan-Fox, Deborah |
| Ekryss, Jhared |
| Evans, Darell |
| Happel, Maranda |
| Holly, Ambre |

| |
|---|
| Hoyles, Latoya |
| Juergens, Connie |
| Luke, Georgia |
| Lukso, Byron Michael |
| Mendoza, Manuel |
| Murphy, Amanda |
| Plancich, Aida |
| Sanchez, Mercedes |
| Sanchez, Rolando |
| Siegal, , Stephan |
| Startzel, Jillian |
| Stein, Nancy |
| Testiler, Judith |
| Westbrook, Toni |
| 100 University LLC |
| 2728 Gannon Rd LLC |
| Brandywine Development Group, L.L.C. |
| Casual Dining Altamonte Springs LLC |
| Casual Dining Cool Springs, LLC |
| CBL-Friendly Center CMBS, LLC |
| Columbus Dining DST |
| DB Five Grill, L.P. |
| MJDEL, LLC |
| MVP Investments, L.L.C. |
| PPF RTL Rosedale Shopping Center LLC |
| Second Florida BS Investments, LLC |
| Shopping Center Associates |
| Simon Property Group, L.P. |
| The Hiraoka Family Trust |
| Tradecor Gilbert &Vaughn, LLC |
| Arellano, Jose |
| Crayton, Chyresse |
| Gurtler, Samantha |
| Hicks, Charles |
| Karan, Mark |
| Raithel, Margo |
| Sanchez, Erika |

| |
|---|
| Bilzin Sumberg<br>Chassen, Jon<br>Ferrer, Jose M. |
| Clinton & Clinton<br>Clinton, David<br>Gagas, Holly |

| |
|---|
| Conner, Gwyn, Schenck, PLLC<br>Chapin, Andrew L. |
| Davids Cohen<br>Davids, Ronald M. |
| Dykema Gossett PLLC<br>Johnson, Bryan |
| Gardere Wynne Sewell LLP<br>Harrington, Katherine |
| Jackson Lewis, PC<br>Magnus, Eric<br>Barnes, Justine |
| Lanier, Ford, Shaver & Payne P.C.<br>Burgess, Graham<br>Ray, Charles A |
| Law Offices of Kubicki Draper<br>Cote, Earlee |
| Lewis Rocca Rothgerber Christie<br>Brown, Michael |
| McCormick & Priore PC<br>Yates, Shahenaz |
| Miller Martin, PLLC<br>Berry, Doug |
| Morris James LLP<br>Newcomer, John |
| Ogletree, Deakins, Nash, Smoak $ Stewart, P.C.<br>Knepper, Dawn<br>Ort, Seth<br>Powell, David<br>Reid, Steven<br>Udelson, Alix |
| Polsinelli, PC<br>Stohs, Kelly |
| Porter Hedge<br>Aycock, Jim |
| Renaud Cook Drury Mesaros, PA<br>Barnes, DeeAnn |
| Shutts & Bowen<br>Renton, Brett R. |
| Stone Conroy LLC<br>Stone, Shalom |
| Thorndal, Armstrong, Delk, Balkenbush & Eiseinger, a Professional Corporation<br>Goodwin, Meghan |
| Ulmer & Berne LLP<br>Lipcius, Jesse |

| |
|---|
| 25001 Country Club LLC |
| 307 East Edgewater Avenue, LLC |
| 7979 MAC LLC |
| 8000 El Cerrito Investors LLC |
| Alderwood Mall, LLC<br>c/o General Growth Properties<br>Attn: Law/Lease Administration |
| AmREIT, Inc. |
| Annapolis Mall Owner LLC<br>c/o Westfield America, Inc.<br>Attn: Scott Grossman |
| Bayer Retail Company, L.L.C. |
| Bearden Children's Trust c/o C.C. Bearden Enterprises |
| Bella Terra Associates, LLC<br>c/o DJM Capital Partners, Inc. |
| Bill Stubbs & Company |
| BLK220, LLC |
| Boas Laguna Village, LLC<br>c/o Regency Management |
| BRE RC Las Palmas MP TX LP |
| BRE Retail Residual Owner 1 LLC |
| BRE Retail Residual Owner 1 LLC |
| Briarwood, LLC<br>c/o Simon Property Group |
| Brinker Arkansas, Inc. |
| Brinker Michigan, Inc. |
| Brinker North Carolina, Inc. |
| Brinker Texas, Inc. |
| Brinker Texas, Inc. |
| Brinker Texas, Inc. |
| Brixmor Wolfcreek Outparcel Owner<br>c/o Brixmor Property Group |
| Brixton Sherwood, LLC |
| Casas Adobes Baptist Church c/o Cushman & Wakefield/PICOR |
| Castle & Cooke Corona, Inc. |
| Castle & Cooke Development |
| CBL & Associates Management, Inc. |
| Central Realty Corporation |
| Cerritos GARP, LLC |
| Cox, Castle &Nicholson, LLP |
| CP Venture Five AWC LLC c/o Lennar Commercial Services, LLC |
| CWS-Oviedo Development, LLC c/o CWS Development LLC |
| Dan Kremers MD Atkinson Company, Inc |
| DDR Winter Garden LLC |

| |
|---|
| DDRA Community Centers Either, L.P.<br>c/o Developers Diversified Realty<br>Corporation |
| Denver West Mills, LP<br>c/o Simon Property Group, Inc. |
| Donahue Schriber Realty Group, LP |
| EWH Escondido Associates, L.P.<br>c/o Westfield Corporation, Inc. |
| First Michigan Mac Associates, LLC |
| Flushing Quail, LLC |
| Frederick Westview Properties, LLC |
| GGP Northridge Fashion Center, LP c/o General Growth Properties, Inc. |
| GGP-Otay Ranch, L.P.<br>c/o General Growth Properties<br>Attn: Law/Lease Administration |
| Grilloni, LLC |
| H&Y Northern California, LLC<br>c/o BHG Real Estate Mason<br>McDuffie |
| Harkan Properties, LLC |
| Hines Global REIT 2615 Med Center Parkway LLC<br>c/o DHA Asset Management, LLC<br>Attn: Property Manager |
| HIP Stephanie, LLC<br>c/o Harsch Investment Properties |
| ISBI Susquehanna, LLC c/o Metro Commercial Management Services Inc. |
| JCC California Properties, LLC c/o Festival Management Corporation |
| Jones Lang Lasalle Amercas, Inc. |
| Keller Family Trust |
| Kendallgate Center Associates, Ltd.<br>c/o Berkowitz Development Group |
| Kimco Carrollwood 664, Inc. c/o Kimco Realty Corporation |
| Kingstowne Town Center, LP<br>c/o Comar Management, Inc. |
| Lance-Kashian & Co. |
| Legacy |
| Macaroni RR I-35 Partnership Ltd. |
| Mall of Georgia, LLC c/o Simon Property Group |
| MG.AVC LLC & MG.LBC LLC<br>c/o Ronald De Milt |
| Mike and Martha Witt |
| Moriah Investments, LLC |
| North Rainbow Boulevard Holdings<br>c/o Integris Realty Services |

| |
|---|
| OMILOS 1 LLC<br>c/o George Nicholakos |
| Opry Mills Mall Limited Partnership<br>c/o M.S. Management Associates Inc. |
| OTR |
| Oxford Valley Road Associates, LP<br>c/o Goldenberg Management Inc |
| P&L Trust dated September 22, 1999, Francisco R. Unanue, Maria Elena Ortega<br>Wollberg and Jose A. Ortega, Jr., as co-trustees |
| Pappas Laguna No. 2, L.P. |
| Particia Wahl Lapan, as Trustee of the Patrcia Wahl Lapan Living Trust Pursuant to the<br>Declatration of Trust dated April 15, 1994 which Trust was Restated on or about<br>March 16, 2005, an Arizona Trust |
| Pembroke Square Associates |
| PFP Temecula Real Estate Holdings, LLC<br>c/o Meissner Jacquet Commercial Real Estate Services |
| Philbrook Avenue Associates LLC<br>c/o S.R. Weiner & Associates |
| Pioneer Real Estate Development |
| PK II El Canino North, LP<br>c/o Kimco Realty Corporation |
| Powerstone Property Management |
| Prudential Insurance Company of America |
| Ranch Town Center, LLC<br>c/o DSB Properties, Inc. |
| RB 3 Associates<br>c/o Benderson Development Co. |
| RDT Limited Partnership |
| Redlands Joint Venture, LLC<br>c/o Majectic Realty Co. |
| Richard J. Rosenthal |
| Rocky Ridge Station LLC |
| Roderick Enterprises |
| Seritage Growth Properties, L.P. |
| Seritage Growth Properties, L.P. |
| Shankar Nevada, LLC<br>c/o Eugene Burger Management<br>Corporation |
| Sherwood Mall Management Office |
| Shopcore Properties RS Management LLC |
| South Street Center, LLC<br>c/o DSB Properties, Inc. |
| South Street Center, LLC<br>c/o Royal Oak Property Services |
| Southpark Mall, LLC |

| |
|---|
| Southpark Mall, LLC c/o SRP Property Management, LLC |
| The Ann Drever Cottrell Trust |
| The Avenue West Cobb |
| The Irvine Company LLC |
| The Retail Connection |
| Thomas Tyler, Patricia Tyler and William Seider |
| Vestar DRM-OPCO, LLC |
| VR Partners I, LP |
| WDRE MG LLC |
| Weingarten/Miller/Aurora II LLC and GDC Aurora, LLC, tenants in common |
| Wells Lake Buena Vista, LLC |
| Winrock Partners LLC |
| Wolf Road Park II, LLC c/o The Beltrone Group, LLC |
| Brinker Louisiana, Inc. |
| Centennial Lakes Grill, L.L.C. |
| Cole MG/OB Mt. Laurel NJ, LLC c/o American Realty Capital Properties |
| Grayling Corporation |
| Lucila G. Ortega 1995 Trust dated September 1, 1995, Jose A. Ortega and Lucila G. Ortega, as co-trustees |
| Lillie Mae Cain Trust |
| PPF RTL Rosedale Shopping Center |
| Sergio's #4 Pines Blvd., LLC |
| Stirling Properties, LLC |
| Tangi East L.L.C. No. 1 |
| The Pelican Baton Rouge, LLC Fenet Treadway Gaudin |
| 100 University LLC c/o Serber & Associates, P.A. |
| 2728 Gannon Rd LLC |
| 6181 Columbia Crossing, LLC |
| A. Nazzaro Associates, Inc. |
| AE IV, LLC c/o Abernathy & Timberlake |
| Avise Properties |
| Barber's LLC |
| Brinker New Jersey, Inc. |
| Brixmor GA Springdale/Mobile c/o Brixmor Property Group Lmited Partnership |
| Casual Dining Altamonte Springs, LLC |
| Casual Dining Cool Springs, LLC |
| CBL & Associates Management, Inc. c/o CBL & Associates Properties |
| CBL-Friendly Center, LLC c/o CBL & Associates Properties |

| |
|---|
| CH/MG Ramsey Owner LLC<br>c/o Federman Steifman, LLP |
| Chanson, LLC<br>c/o Jordon Perlmutter & Co. |
| Chesterfield Mall, LLC<br>c/o CBL & Associates Management, Inc. |
| Chick-Fil-A, Inc. |
| Cocozella, LLC<br>c/o Gator Nation Investments, LLC |
| Cole CH/MG Flanders NJ, LLC |
| Cole MG/OB W. Windsor NJ, LLC<br>c/o American Realty Capital Properties |
| Concord Square Associates, LLC<br>c/o |
| DB Five Grill, L.P.<br>c/o Cardinal Capital Partners |
| Duffy's of Waterford Lakes, Inc. |
| Dulles Town Center Mall, L.L.C.<br>c/o Lerner Corporation |
| Eric S. Ng & Le A. Pham |
| Fair Lakes Promenade Retail, LLC<br>c/o Rappaport Management Co |
| Faison-Logan North, LLC |
| Gateway D.C. Properties, Inc.<br>c/o TA Associates Realty |
| Green Cane Property |
| Hurd Real Estate |
| Inland Continental Property<br>Management Co. |
| J. Nazzaro Partnership, L.P. |
| Joseph A. Keim and Helen R. Keim |
| KGGK Venture, LLC |
| Macgrape, LP |
| Madison Square Associates, Ltd.<br>c/o CBL & Associates Management, Inc. |
| MetLife |
| Mimms Enterprises |
| MJDEL LLC |
| MS Inland Fund LLC<br>c/o RPAI HOLDCO Management LLC |
| MS Inland Fund LLC<br>c/o RPAI Southwest Management LLC |
| MS Inland Fund LLC<br>Retail Properties of America, Inc. |
| MVP Investments, L.L.C. |

| |
|---|
| Not Your Average Joe's, Inc. |
| Oaks Mall Gainesville Limited Partnership<br>c/o General Growth Properties<br>Attn: Law/Lease Administration |
| Oglethorpe Mall, LLC<br>c/o GGP |
| Pearlman Enterprises, Inc. |
| PJW Montgomeryville, LLC<br>c/o RP Design & Management LC5 |
| Promenade Shopping Center, LLC<br>c/o Childress Klein Properties |
| Reston Spectrum, LLP<br>c/o Lerner Corporation |
| Rolling Hills Plaza, LLC<br>c/o La Caze Development Co. |
| Roubin Associates, LLC |
| RPAI US Management LLC |
| Scranton Realty, LLC |
| Second Florida BS Investments, LLC |
| Sheriff, LLC |
| Shopping Center Assoc.<br>c/o Simon Property Group |
| Sigma National, Inc. |
| Simon Property Group, L.P.<br>c/o Simon Property Group |
| Suemandy Properties, LLC<br>c/o Star Point Commercial<br>Management, LLC |
| The Skaff Family Trust dated 3/8/1991 |
| Thomas Mamakos |
| Tigriswoods, LLC<br>c/o The Shops at Riverwood |
| TKG Biscayne, LLC |
| TradeCor Gilbert & Vaughn, LLC |
| Tres Woodland Investment LLC |
| Valencia Marketplace II, LLC<br>c/o JG Management Co., Inc. |
| Varnum, Riddering, Schmidt & Howlett LLP |
| Ventura Gateway, LLC<br>c/o Robertson Properties Group<br>Attn: Legal Department |
| WAJ-Hardy Oak, LLC |
| Walkers Brook Crossing, L.L.C. |
| Weingarten Realty investors |
| WS Company Real Estate Holdings, LLC |

| |
|---|
| Alabama Department of Labor |
| Alabama Department of Revenue |
| Alabama Secretary of State |
| Albany County Health Department |
| AQMD South Coast Air Quality (California) |
| Arapahoe County Treasurer |
| Arizona Corporation Commission |
| Arizona Department of Liquor |
| Arkansas Alcoholic Beverage |
| Arkansas Department. of Health |
| Austin Police Department Alarm Administration |
| Austin Public Health |
| Borough of Ramsey ABC Div |
| Bruce Vickers, CFC |
| Burlington Board of Health |
| California Board of Equalization |
| California Franchise Tax Board |
| California Franchise Tax Board Withholding Services and Compliance |
| California Office of Tourism |
| Cascade Charter Township |
| Cedar Hill Police Depart Alarm Unit |
| Charlotte Fire Department |
| Charter Township of Shelby |
| City of Albuquerque |
| City of Alpharetta |
| City of Altamonte Springs |
| City of Anaheim |
| City of Ann Arbor Treasurer |
| City of Arlington |
| City of Auburn Hills |
| City of Aurora |
| City of Austin |
| City of Bakersfield |
| City of Birmingham |
| City of Boca Raton |
| City of Cedar Hill |
| City of Cerritos Business Lic Div. |
| City of Chula Vista |
| City of Colorado Springs |
| City of Columbus |
| City of Corona |
| City of Corpus Christi |
| City of Corpus Christi Alarm Program |

| |
|---|
| City of Corpus Christi Fire Permits |
| City of Dallas |
| City of Doral |
| City of Doral False Alarm Unit |
| City of Edina |
| City of El Cerrito |
| City of El Paso |
| City of Elk Grove |
| City of Escondido |
| City of Folsom |
| City of Folsom Tax Trust Account |
| City of Fort Collins |
| City of Fort Worth |
| City of Fort Worth Fire Department |
| City of Fort Worth Texas |
| City of Franklin |
| City of Fresno |
| City of Frisco |
| City of Frisco Health Food & Safety |
| City of Goodyear |
| City of Greensboro |
| City of Greenwood Village |
| City of Henderson |
| City of Houston |
| City of Houston Department. of Health & Human Service |
| City of Houston Fire Department |
| City of Houston Solid Waste Management |
| City of Huntington Beach |
| City of Huntsville |
| City of Irvine |
| City of Jeffersontown |
| City of Lakewood Revenue Division |
| City of Las Vegas |
| City of Las Vegas Business Licensing |
| City of Lewisville |
| City of Little Rock |
| City of Livonia |
| City of Los Angeles |
| City of Lynnwood |
| City of Memphis |
| City of Memphis - Permits Office |
| City of Milpitas |
| City of Mobile Revenue Department |
| City of Murfreesboro |
| City of Murray |

| |
|---|
| City of Oklahoma City |
| City of Overland Park |
| City of Pensacola Florida |
| City of Phoenix |
| City of Phoenix Police Department |
| City of Plano |
| City of Plano Environmental Health |
| City of Plantation |
| City of Provo Licensing Div |
| City of Raleigh Fire Inspection Division |
| City of Reno |
| City of Roseville |
| City of Round Rock |
| City of San Antonio |
| City of Savannah |
| City of Savannah Revenue Department |
| City of Scottsdale |
| City of Seal Beach |
| City of Selma |
| City of Simi Valley |
| City of South Portland |
| City of Springdale |
| City of St. Petersburg |
| City of Stockton |
| City of Temecula |
| City of Tucson |
| City of Ventura |
| City of Ventura Business Tax Office |
| City of Virginia Beach |
| City of Virginia Beach Treasurer |
| City of Wellington |
| City of Westminster |
| City of Wheaton |
| City of Wilmington |
| City of Winter Garden |
| Colorado Department of Labor Employment |
| Colorado Department of Revenue |
| Colorado Springs Police Department |
| Columbus City Treasurer |
| Columbus Income Tax Division |
| Commonwealth of Virginia |
| Comptroller of Maryland |
| Comptroller of Public Accounts |
| Contra Costa County Assessment Appeals Board |
| Contra Costa County Tax Collector |

| |
|---|
| Contra Costa Health Services |
| Cook County Treasurer |
| Corona Police Department |
| Corporation Service Company |
| County of Anne Arundel |
| County of Anne Arundel Chamber of Commerce, Inc. |
| County of Anne Arundel County Office of Finance |
| County of Anne Arundel Health Department |
| County of Baltimore |
| County of Baltimore Department of Health |
| County of Baltimore Tax Collector |
| County of Bexar Tax Assessor-Collector |
| County of Broward Tax Collector |
| County of Bucks Department of Health |
| County of Chatham Health Department |
| County of Chatham Tax Commissioner |
| County of Clark Assessor |
| County of Clark Treasurer |
| County of Cobb Business License |
| County of Cobb Environmental Health |
| County of Cobb Tax Commissioner |
| County of Collin Tax Assessor Collector |
| County of Fairfax |
| County of Frederick Treasurer |
| County of Greenville |
| County of Gwinnet License & Renewal |
| County of Gwinnett |
| County of Gwinnett Environmental Health |
| County of Gwinnett Police Department |
| County of Gwinnett Tax Commissioner |
| County of Hamilton Treasurer |
| County of Harris Tax Assessor-Collector |
| County of Hennepin Treasurer |
| County of Hillsborough |
| County of Hillsborough Board of County Commissioners |
| County of Hillsborough Tax Collector |
| County of Howard Director of Finance |
| County of Jefferson Department of Revenue |
| County of Jefferson Grease Control Program |
| County of Jefferson Health Department |
| County of Jefferson Liquor Licensing Office |
| County of Jefferson Sheriff's Office |
| County of Jefferson Treasurer |
| County of Johnson Treasurer |
| County of Kent Health Department |

| |
|---|
| County of Kern |
| County of Kern |
| County of Larimer Department of Health & Environment |
| County of Larimer Treasurer |
| County of Lexington Treasurer's Office |
| County of Los Angeles |
| County of Los Angeles Department of Public Works |
| County of Los Angeles Tax Collector |
| County of Loudon Commissioner of Revenue |
| County of Loudon Health Department |
| County of Loudoun |
| County of Loudoun Treasurer |
| County of Macomb Health Department |
| County of Macomb Treasurer |
| County of Madison License Department |
| County of Madison Sales & Use Tax |
| County of Madison Tax Collector |
| County of Maricopa Environmental |
| County of Maricopa Treasurer |
| County of Mecklenburg Tax Collector |
| County of Memphis and Shelby |
| County of Miami Dade |
| County of Miami Dade Fire Department |
| County of Miami Dade Police Department |
| County of Miami Dade Tax Collector |
| County of Mobile |
| County of Mobile License Commissioner |
| County of Monroe Health Department |
| County of Montgomery Tax Assessor Collector |
| County of Nueces Tax Assessor-Collector |
| County of Oakland Health |
| County of Oakland Treasurer Office |
| County of Oklahoma Court Clerk |
| County of Oklahoma Treasurer |
| County of Orange |
| County of Orange Fire Authority |
| County of Orange Health Care Agency |
| County of Orange Tax Collector |
| County of Pensacola Tax Collector |
| County of Pima Health Department |
| County of Pima Treasurers Office |
| County of Placer Environmental Health |
| County of Placer Tax Collector |
| County of Pulaski Treasurer |
| County of Richmond Tax Commissioner |

| |
|---|
| County of Riverside |
| County of Riverside - Don Kent Treasurer |
| County of Rutherford Trustee |
| County of Sacramento EMD |
| County of Sacramento Tax Collector's Office |
| County of Salt Lake  Treasurer |
| County of Salt Lake Health Department |
| County of San Bernardino |
| County of San Bernardino Tax Collector |
| County of San Diego |
| County of San Diego Treasurer |
| County of San Joaquin Tax Collector |
| County of San Joaquin Tax Collector |
| County of Santa Clara |
| County of Seminole Tax Collector |
| County of Shelby Health Department. |
| County of St. Charles Tax Collector |
| County of Summit Health District |
| County of Tarrant Tax Assessor-Collector |
| County of Travis Tax Assessor-Collector |
| County of Travis Tax Office |
| County of Tulsa Treasurer |
| County of Utah Bureau of Environmental Health Srv |
| County of Utah Treasurer |
| County of Ventura |
| County of Wake Revenue Department |
| County of Washoe Health Department |
| County of Washtenaw Health Department |
| County of Wayne Health Department |
| County of Williamson Tax Assessor-Collector |
| County of Williamson Trustee |
| Cristallo & LaSalvia, LLC |
| Cuyahoga County Board of Health |
| Cuyahoga County Treasurer |
| Cypress-Fairbanks ISD Tax Assessor-Collector |
| Dallas County Tax Office |
| David Lenoir - Shelby County Trustee |
| Delaware Department of Labor |
| Delaware Secretary of State |
| Denton County Tax Assessor Collector |
| Department. of Alcoholic Beverage Control |
| Diane Nelson, CFC, Pinellas County Tax Collector |
| Du Page County Collector |
| Du Page County Health Department |
| Ducharme McMillen and Associates Inc |

| |
|---|
| EKS & H LLLP |
| El Paso County Public Health |
| El Paso County Treasurer |
| El Paso Tax Assessor-Collector |
| Element Fleet Management |
| Environmental Health Div Food Program |
| Escambia County Tax Collector |
| Fairfax County Health Department |
| Fairfax County Police Department |
| Florida Department of Business & Professional Regulation |
| Florida Department of Financial Services |
| Florida Division of Hotels & Restaurant |
| Florida Department of Revenue |
| Franklin County Treasurer |
| Franklin Police Department |
| Frederick County Chamber of Commerce |
| Frederick County Health Department |
| Fresno County Tax Collector |
| Fresno County Treasurer |
| Fulton County Department of Finance |
| Fulton County Public Works |
| Fulton County Tax Commissioner |
| Greater Brandon Chamber of Commerce |
| Greenville County Tax Collector |
| Guadalupe Tax Office |
| Guilford County Tax Department |
| Harding and Carbone Inc. |
| Huntsville, Alabama City Clerk - Treasurer |
| Illinois Department of Revenue |
| Illinois Secretary of State |
| Internal Revenue Service (Covington, KY) |
| Jezierski & Parr, LLC |
| JP HARRIS ASSOCIATES LLV |
| JT Smallwood, Tax Collector |
| Judson ISD Tax Office |
| Kansas Department of Revenue |
| Kathy Maestas |
| Kentucky State Treasurer |
| Las Vegas City - County Tax Collector |
| Lathrop & Gage |
| Law Offices of Rosemarie Arnold and Tatyana Agroskin |
| LiquorLicense.com |
| Louisville Metro Health Department |
| Louisville Metro Revenue Commission |
| Maine Department of the Secretary of State |

| |
|---|
| Maine Secretary of State |
| Manny Ortiz |
| Marvin F. Poer and Company |
| Maryland State Department of Assessments and Taxation |
| Metro Alarms Office |
| Michael Duross |
| Michigan Department of Licensing and Regulatory Affairs |
| Michigan Department of Treasury |
| Michigan Liquor Control Commission (MLCC) |
| Minnesota Department of Revenue |
| Mobile County Revenue Commissioner, Kim Hastie |
| Mobile Police Department |
| Mount Olive Township |
| Murfreesboro Police Annex |
| MZ Associates, LLC |
| Nashville Department of Finance |
| Nashville Metropolitan Trustee |
| Nevada Department of Taxation |
| Nevada Employment Security Division |
| New Mexico Alcohol/Gaming Division |
| New Mexico Secretary of State |
| New York State Assessment Receivables |
| New York State Liquor Authority |
| North Carolina Department of Health and Human Srv |
| North Carolina Department of Labor |
| North Carolina Department of Labor Budget |
| North Carolina Department of Revenue |
| Northwest Alcohol Law |
| Ohio Department of Commerce |
| Ohio Department of Taxation |
| Ohio Division of Liquor Control |
| Ohio Logos Inc |
| Oklahoma Able |
| Oklahoma City Police Department |
| Oklahoma State Department of Health |
| Pacer Service Center |
| Palm Beach Co Sheriff's Office |
| Parish of East Baton Rouge |
| Pennsylvania Department of Revenue |
| Pennsylvania Department of Revenue |
| Pennsylvania Tourism Signing Trust |
| Pensacola City Fire |
| Phoenix Police Depart/City of Phoenix AZ |
| Pitney Bowes Bank 8000-9090-0916-1667 |
| Plano Fire Department |

| |
|---|
| Plano Police Department |
| Porter Hedges (USE V# 11205) |
| Receiver of Taxes Henrietta |
| Robert P Duckworth Clerk of Circuit Court (Annapolis, MD) |
| Roseville Fire Department |
| Royston Mueller Mclean & Reid LLP |
| San Jose Tax Collector |
| Sandra Dalton, Clerk of Circuit Court (Frederick, MD) |
| Sears Holdings Corporation |
| Selma Police Department |
| Sills Cummins & Gross PC |
| South Carolina Department of Revenue |
| South Carolina Department of Revenue Able Section |
| South Carolina DHEC |
| South Carolina Unemployment |
| Southern Nevada Health |
| St. Petersburg Police Department |
| State of Delaware |
| State of Florida DBPR |
| State of Maine Treasurer |
| State of Maryland |
| State of Michigan Department of Labor |
| State of New Jersey |
| State of New Mexico |
| State of Tennessee |
| Stockton Police Department |
| Susquehanna Township |
| Susquehanna Township Health Department |
| TALX Corp |
| Tax Collector - Fort Worth, FL |
| Tax Collector-St. Tammany Parish |
| TCI Acquisition Corp. dba Tax Compliance Inc |
| Tennessee Department of Revenue |
| Tennessee Alcoholic Beverage Commission |
| Tennessee B&E Division |
| Tennessee Department. of Health |
| Texas Comptroller of Public Accounts |
| Texas Comptroller of Public Accounts |
| Texas Department of Licensing and Regulation |
| Texas Secretary of State |
| TFO Phoenix, Inc. |
| The Chamber Jeffersontown |
| Thomson Reuters West |
| Tim Kauffman, Golden Colorado Treasurer |
| Town of Addison |

| |
|---|
| Town of Burlington |
| Town of Cary |
| Town of Henrietta |
| Town of Reading |
| Township of East Hanover |
| Township of Edison New Jersey |
| Township of Falls |
| Township of Mount Olive |
| Township of Wayne |
| Travis A Hulsey Director |
| Tri County Health Depart |
| Tri-City Fire Sprinklers (Fire Inspections CO) |
| United States Treasury |
| Utah DABC |
| Vicki Crow, C.P.A. |
| Village of Hoffman Estates |
| Virginia Beach Department of Public Health |
| Virginia Beach Treasurer |
| Virginia Depart of Alcoholic Beverage Control |
| Virginia Department of Alcoholic Beverage Control |
| Virginia Department of Taxation |
| Washington Department of Labor & Industries |
| Williamson County & City Health District |
| Woodlands Metro Center MUD |

| |
|---|
| ABCWUA |
| Akron Utilities Business Office |
| Alabama Power Co. |
| Alagasco |
| Ameren Missouri |
| American Electric Power |
| American Water & Energy Savers |
| Anaheim Disposal #676 |
| APS |
| Aqua OH |
| Arlington Utilities |
| Atmos Energy |
| Augusta Utilities Department |
| Aurora Water |
| Baton Rouge Water Co. |
| BGE |
| Birmingham Water Works |
| Black Hills Energy |
| California Water Service Co. |
| Calpine Energy Solutions |

| |
|---|
| Carmel Utilities |
| Centerpoint Energy Services Retail |
| Central Maine Power |
| Champion Energy Services LLC |
| Chattanooga Gas |
| Citizens Energy Group |
| Citizens Water |
| City of Altamonte Springs |
| City of Anaheim |
| City of Ann Arbor Water Utility |
| City of Auburn Hills |
| City of Austin |
| City of Bakersfield |
| City of Boca Raton |
| City of Buford |
| City of Cedar Hill |
| City of Cerritos Water Billing |
| City of Charlotte |
| City of Clearwater |
| City of Cleveland Division of Water |
| City of Columbia |
| City of Corona |
| City of Corpus Christi |
| City of Dallas |
| City of Edina Utility Billing |
| City of Elk Grove |
| City of Englewood |
| City of Escondido |
| City of Folsom |
| City of Fort Worth Water Department |
| City of Franklin |
| City of Fresno |
| City of Frisco |
| City of Germantown |
| City of Grand Rapids |
| City of Grapevine Water Department |
| City of Greensboro |
| City of Houston |
| City of Huntington Beach |
| City of Jackson |
| City of Lake Mary |
| City of Lakeland |
| City of Lancaster, PA |
| City of Las Vegas Sewer Services |
| City of Lewisville |

| |
|---|
| City of Littleton |
| City of Livonia Water & Sewer |
| City of Lynnwood |
| City of Mandeville |
| City of Mesa AZ Utilities |
| City of Milpitas |
| City of Minnetonka |
| City of Montclair |
| City of Oceanside |
| City of Oklahoma City |
| City of Pembroke Pines |
| City of Pensacola |
| City of Phoenix |
| City of Plano |
| City of Plantation |
| City of Raleigh |
| City of Redlands |
| City of Roseville |
| City of Round Rock |
| City of Savannah |
| City of Scottsdale |
| City of Seal Beach |
| City of Selma |
| City of Shreveport |
| City of St Petersburg |
| City of St. Peters |
| City of Stockton |
| City of Tallahassee |
| City of Tampa |
| City of Tucson |
| City of Tulsa |
| City of Virginia Beach |
| City of Westminster |
| City of Wheaton |
| City of Winston Salem |
| City of Winter Garden |
| Cleco Power LLC |
| Cobb EMC |
| Colorado Springs Utilities |
| Columbia Gas of Ohio |
| Columbia Gas of Virginia |
| Columbus City Treasurer |
| ComEd |
| Consolidated Mutual Water Co. |
| Consolidated Utility District |

| |
|---|
| Constellation Newenergy Gas Division |
| Constellation Newenergy Inc. |
| Consumers Energy |
| COSERV |
| CP Venture Five |
| CPS Energy |
| Delmarva Power |
| Denver Water |
| Direct Energy Business |
| Dominion East Ohio |
| Dominion Energy |
| Dominion Virginia Power |
| DOSSS |
| DPL Energy Resources (DPLER) |
| DTE Energy |
| Duke Energy Progress |
| Du Page County Pub License Works |
| EBMUD |
| El Paso Electric |
| El Paso Water Utilities |
| Elizabethtown Gas |
| Emerald Coast Utilities Authority |
| Empire Natural Gas Corp. |
| Entergy |
| Entergy Arkansas Inc. |
| Entergy Gulf States Louisiana Inc. |
| Entergy Mississippi Inc. |
| EPB |
| Eversource |
| Fairfax Water |
| First Energy Solutions |
| Florida City Gas |
| Florida Pub License Utilities |
| Fort Collins Utilities |
| FPL |
| Fulton County Finance Department. |
| Gainesville Regional Utilities |
| Gas South |
| GDF Suez Energy Resources NA |
| Georgia Power Co. |
| Grant Water & Sanitation Dist. |
| Greater Cincinnati Water Works |
| Greenville Water |
| Gulf Power Co. |
| Gwinnett Co. Department. Water Resources |

| |
|---|
| Hillsborough Co. Publ. Util. Department. |
| Howard County |
| HRSD |
| Huntsville Utilities |
| Illinois Power Marketing |
| Indianapolis Power & Light Co. |
| Infinite Energy Inc. |
| Integrys Energy Services Inc. |
| Intelligent Energy |
| Interconn Resources Inc. |
| Interconn Resources LLC |
| Irvine Ranch Water District |
| JCP&L |
| Jefferson Co. Birmingham Water |
| Johnson County Wastewater |
| Kansas Gas Service |
| KCP&L |
| Kissimmee Utility Authority |
| KUB |
| Lake Apopka Natural Gas Dist. |
| Lakeland Electric |
| Lee County Utilities |
| LGE |
| Liberty Power Holdings |
| Liberty Utilities |
| Litchfield Park Service Co. |
| Los Angeles Department. of Water & Power |
| Loudoun Water |
| Louisville Water Co. |
| Mallory Valley Utility District |
| Memphis Light Gas & Water Division |
| Metropolitan St Louis Sewer Dist. |
| Miami Dade Water Sewer Department. |
| Mid Carolina Electric Coop. |
| Mid States Energy |
| MidAmerican Energy Co. |
| Middle Tennessee Electric |
| Middlesex Water Co. |
| Missouri American Water |
| Mobile Area Water & Sewer System |
| Mobile Gas |
| Monroe County Water Authority |
| Monte Vista Water District |
| Montgomery Township Municipal Sewer Authority |
| Moulton Niguel Water |

| |
|---|
| Mount Laurel Township Municipal Utilities Authority |
| MTMSA |
| Murfreesboro Electric Department. |
| Murray City Corp. |
| National Grid |
| New Castle County |
| New Jersey American Water |
| Nicor Gas |
| NJ Natural Gas Co. |
| Northern Virginia Electric Coop. |
| NV Energy |
| NWWA |
| OGE |
| Ohio Edison |
| Oklahoma Natural Gas |
| ONEOK Energy Marketing Co. |
| Orange County Utilities |
| Otay Water District |
| Pacific Gas & Electric Co. |
| Pepco |
| PG&E |
| Piedmont Natural Gas |
| Pinellas County Utilities |
| Pleasant View Water & Sanit. Dist. |
| PNM |
| Potomac Edison |
| PPL Electric Utilities Corp. |
| Progressive Waste Solution of TX |
| Provo City Utilities |
| PSE&G Co. |
| PSNC Energy |
| Puget Sound Energy |
| PWCSA |
| Questar Gas Company |
| Ramsey Board Of Pub License Works |
| RCWD |
| Reading Municipal Light Department. |
| RE Pub License Services #620 |
| RG&E |
| Rockland Electric Co. |
| Rocky Mountain Power |
| Rowland Water District |
| Sacramento County Utilities |
| San Antonio Water System |
| San Diego Gas & Electric |

| |
|---|
| SCE&G |
| Seminole County |
| Sempra Energy Solutions |
| Shelby Township |
| SMUD |
| Southern California Gas Co. |
| Southwest Gas Corp. |
| Spark Energy Gas LLC |
| Sprague Operating Resources |
| Spring TX Municipal Utility District 47 |
| SRP |
| Stark Co Metropolitan Sewer Dist. |
| Suez Water Delaware |
| Tampa Electric |
| Teco Peoples Gas |
| Tennessee American Water |
| Texas Gas Service |
| The Avenue Webb Gin LLC |
| The Gas Co. |
| The Illuminating Co. |
| Tiger Inc. |
| Toho Water Authority |
| Town of Addison |
| Town of Burlington |
| Town of Cary |
| Town of Henrietta |
| Town of Reading |
| Township of Falls Authority |
| Township of Mt. Olive Sewer Utility |
| Township of Wayne |
| Travis County WCID #10 |
| Truckee Meadows Water Authority |
| Truckee Meadows Water Authority |
| Tucson Electric Power Co. |
| Tucson Metro Water District |
| UBS |
| UGI Energy Services LLC |
| UGI Utilities Inc. |
| United Water Delaware |
| UNITIL |
| Utility Billing Services |
| Valencia Water Co. |
| Vectren Energy Delivery |
| Village of Hoffman Estates |
| Virginia Natural Gas |

| Walton EMC |
| Walton EMC |
| Washington Gas |
| Washington Gas Energy Services |
| Washington Gas Frederick Division |
| Washington Suburban Sanitary |
| Waterone |
| Webb Gin Property Sub LLC |
| Wellington Utilities |
| West Windsor Township |
| WGL Energy Services |
| Woodruff Energy US LLC |
| Xcel Energy |

| Chubb |
| Evanston |
| Fireman's Fund |
| Imperial |
| Liberty Mutual |
| Lloyds of London |
| NFIP / Integon |
| XL Catlin |

| Sysco Corporation |
| Edward Don & Company |
| Cisco Systems Capital Corp. |

| Brinker International, Inc. |
| Sysco |
| Ed Don |
| Freshpoint |
| [Others to be provided] |

| Gibson, Dunn & Crutcher LLP |
| Young Conaway Stargatt & Taylor, LLP |
| Mackinac Partners |
| Donlin, Recano & Co., Inc. |

| T. Patrick Tinker |
| Lauren Attix |
| David Buchbinder |
| Linda Casey |
| Holly Dice |
| Shakima L. Dortch |
| Timothy J. Fox, Jr. |

| |
|---|
| Diane Giordano |
| Christine Green |
| Benjamin Hackman |
| Jeffrey Heck |
| Brya Keilson |
| Mark Kenney |
| Jane Leamy |
| Hannah M. McCollum |
| James R. O'Malley |
| Michael Panacio |
| Juliet Sarkessian |
| Richard Schepacarter |
| Edith A. Serrano |
| Karen Starr |
| Ramona Vinson |
| Michael West |
| Dion Wynn |

| |
|---|
| The Hon. Brendan L. Shannon |
| The Hon. Kevin J. Carey |
| The Hon. Kevin Gross |
| The Hon. Laurie Selber Silverstein |
| The Hon. Christopher S. Sontchi |
| The Hon. Mary F. Walrath |

| |
|---|
| Marsh & Mclennan Agency, LLC |
| North American Specialty Insurance Company |

| |
|---|
| Bank of America, NA |
| InfoSync |

| |
|---|
| Capano Management Company |
| Corporate Realty, Inc. |
| CSM West Ridge, Inc.<br>c/o CSM Corporation |
| Cypress Realty Holding<br>Company II LLC |
| DB Five Grill, L.P.<br>c/o Cardinal Capital Partners |