## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAC ACQUISITION LLC, *et al.*,[1] | Case No. 17-12224 (___) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES, AND (B) AUTHORIZING BANKS TO RECEIVE, PROCESS, AND HONOR CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS RELATED THERETO

Mac Acquisition LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move the Court (this "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003, 6004(a), and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to remit and pay (i) sales, use, value-added, and liquor license taxes and (ii) business license, permit, and other similar fees or charges; (b) authorizing the banks and other financial institutions at which the Debtors hold accounts (collectively, the "Banks") to receive, process, and honor checks issued and electronic payment requests made related to the foregoing; and (c) granting related relief.  In support of this Motion,

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963).  The headquarters for the above-captioned Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

the Debtors rely upon and incorporate by reference the *Declaration of Nishant Machado in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "<u>First Day Declaration</u>"), which was filed concurrently herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

**<u>JURISDICTION AND VENUE</u>**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003, 6004(a), and 6004(h), and Local Rule 9013-1(m).

**<u>BACKGROUND</u>**

**A.      General Background**

2.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3.      Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>") pursuant to

2

Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

4.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the First Day Declaration.

**B.      The Debtors' Tax Obligations**

5.      The Debtors operate restaurants in 23 states.  In the ordinary course of business, the Debtors (a) incur and/or collect Sales Taxes (as defined below) and Liquor Taxes (as defined below) (Sales Taxes and Liquor Taxes collectively, the "Taxes"); (b) incur business license, permit, and other similar fees or charges (collectively, the "Fees") in connection with obtaining licenses and permits necessary to operate their businesses; and (c) remit such Taxes and Fees to various taxing, licensing, and other governmental authorities (collectively, the "Taxing Authorities").  The Taxes and Fees may, from time to time, be the subject of an audit (each an "Audit")[2] by the applicable Taxing Authority, and the amounts estimated as due or amounts already paid by the Debtors may be subject to upward or downward adjustment based upon the amount that the applicable Taxing Authority ultimately claims is due following an Audit.[3]  The Debtors pay the Taxes and Fees in a timely manner on a monthly, quarterly, or annual basis, in each case as required by applicable laws and regulations.  The Debtors do not hold any funds specifically earmarked for the payment of taxes in a segregated account.

---

[2]      References to Taxes herein shall be construed to include Audit amounts, unless the context requires otherwise. At present, there are at least two active Audits with respect to the Debtors' Taxes.

[3]      Nothing contained herein or in the order approving this Motion constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit.  The Debtors expressly reserve all rights with respect to any Audit.  Furthermore, the Debtors reserve the right to contest the amount, if any, claimed to be due as a result of any Audit.

(i)    **Sales Taxes**

6.    The Debtors collect or incur sales, use, and miscellaneous similar taxes (collectively, the "Sales Taxes") in connection with the operation of their business.  The Debtors conduct business in 23 states and remit Sales Taxes in all states and municipalities that impose such obligations.  Based on their large volume of sales, the Debtors are generally required to remit Sales Taxes to the Taxing Authorities on a monthly basis.  During the 2016 calendar year, the Debtors paid approximately $18.8 million in the aggregate in Sales Taxes, with a monthly average of approximately $1.5 million, although this amount varies based on sales throughout the year.  The Debtors estimate that, as of the Petition Date, approximately $1.6 million on account of Sales Taxes has accrued and is unpaid.

(ii)    **Liquor Taxes**

7.    The Debtors pay taxes to certain Taxing Authorities in connection with liquor sales made at the Debtors' restaurants (collectively, the "Liquor Taxes").  The Debtors generally make timely payments on a monthly basis to cover their estimated Liquor Taxes.  During the 2016 calendar year, the Debtors paid approximately $0.4 million on account of Liquor Taxes, with a monthly average of approximately $30,000, although the Debtors' tax liabilities are not always proportionate throughout the year.  The Debtors estimate that, as of the Petition Date, approximately $35,000 on account of Liquor Taxes has accrued and is unpaid.

(iii)    **Business License and Permit Fees, Annual Report Fees, and Other Similar Taxes and Fees**

8.    Finally, the Debtors are required to pay certain Fees, which include business license and permit fees in various jurisdictions and fees and taxes for annual reports, permits, liquor licenses, and health and fire inspections.  Over the trailing twelve months the Debtors remitted approximately $0.4 million on account of Fees related to locations currently operating,

with a monthly average of approximately $35,000.  The Debtors estimate that, as of the Petition

Date, approximately $35,000 on account of Fees has accrued and is unpaid.

## RELIEF REQUESTED

9.      By this Motion, the Debtors seek entry of an order authorizing, but not directing,

the Debtors to, in the exercise of their reasonable business judgment, pay any Taxes and Fees in

the ordinary course of business, without regard to whether such obligations accrued or arose

before or after the Petition Date.

10.      The Debtors also seek entry of an order authorizing the Banks to receive, process,

honor, and pay checks or electronic transfers used by the Debtors to pay the Taxes and Fees,

without regard to whether any checks or transfers were issued before or after the Petition Date,[4]

and to rely on the representations of the Debtors as to which checks are issued and authorized to

be paid in accordance with this Motion.

## BASIS FOR RELIEF

**A.      Payment of the Taxes and Fees is Warranted under the Doctrine of Necessity**

11.      The Court may authorize payment of prepetition claims in appropriate

circumstances based on section 105(a) of the Bankruptcy Code.  Section 105(a) of the

Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers the

court to "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code,

courts may permit pre-plan payments of prepetition obligations when essential to the continued

operation of a debtor's business.  *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr.

---

[4]      For the avoidance of doubt, the Debtors request that the order authorizing the Banks to receive, process, honor, and pay checks or electronic transfers used by the Debtors to pay Fees prior to the Petition Date include payments made by the Debtors to the State of Maryland, which payments were made to bring Mac Acquisition of Frederick County LLC and Mac Acquisition of Anne Arundel County LLC into good standing with the Maryland Secretary of State.

S.D.N.Y. 1989).  Specifically, the Court may use its power under section 105(a) of the

Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "doctrine of

necessity." *Id.* at 175-76.

12.     The United States Court of Appeals for the Third Circuit recognized the doctrine

of necessity in *In re Lehigh & New England Railway Company*, 657 F.2d 570, 581 (3d Cir.

1981).  The Third Circuit held that a court could authorize the payment of prepetition claims if

such payment was essential to the continued operation of the debtor.  *Id.* (stating courts may

authorize payment of prepetition claims when there "is the possibility that the creditor will

employ an immediate economic sanction, failing such payment"); *see also In re Penn Cent.*

*Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (recognizing necessity of payment doctrine

permits "immediate payment of claims of creditors where those creditors will not supply services

or material essential to the conduct of the business until their pre-reorganization claims shall

have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (Bankr. D. Del. 1999) (noting

that, in the Third Circuit, debtors may pay prepetition claims that are essential to continued

operation of business); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del.

1994) (same).

13.     The rationale for the doctrine of necessity—the rehabilitation of a debtor in

reorganization cases—is "the paramount policy and goal of Chapter 11." *Ionosphere Clubs*,

98 B.R. at 176; *see also Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition

claims to certain trade vendors was "essential to the survival of the debtor during the chapter

11 reorganization."); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991)

("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of

reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has

developed . . . where bankruptcy courts permit the payment of certain pre-petition claims,

pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such

payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991)

(approving payment of prepetition unsecured claims of tool makers as "necessary to avert a

serious threat to the Chapter 11 process."); *Burchinal v. Cent. Wash. Bank (In re Adams Apple,*

*Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987) (recognizing that allowance of "unequal treatment of

pre-petition debts when necessary for rehabilitation . . ." is appropriate); *Mich. Bureau of*

*Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 287

(S.D.N.Y. 1987) (authorizing payment of prepetition workers' compensation claims on grounds

that the fundamental purpose of reorganization and equity powers of bankruptcy courts "is to

create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and

payment of creditors in full or at least proportionately."); 2 Alan N. Resnick & Henry J. Sommer,

*Collier on Bankruptcy* ¶ 105.04[5][a] (16th ed. 2013) (discussing cases in which courts have

relied on the "doctrine of necessity" or the "necessity of payment" rule to pay prepetition claims

immediately).

14.     Here, the Debtors' payment of the Taxes and Fees is an exercise of sound

business judgment and is necessary to maximize the value of the Debtors' estates for the benefit

of their creditors.  The Debtors operate a nationwide business and any disputes that could

adversely affect their ability to conduct business in a particular jurisdiction could have wide-

ranging and negative effects on the Debtors' operations as a whole and their efforts to efficiently

administer their estates and maximize distributions to their creditors.  If the Debtors do not

continue paying the Taxes and Fees when they come due on a timely basis, it is very possible

that Taxing Authorities, or those parties who ordinarily collect the Taxes and Fees, may seek to interfere with the Debtors' business and the efficient administration of the estates.

15.     Similar relief is routinely granted by courts in this District.  *See, e.g.*, *In re The Standard Register Co.*, Case No. 15-10541 (BLS) (Bankr. D. Del. Mar. 13, 2015); *In re Altegrity, Inc.*, Case No. 15-10226 (LSS) (Bankr. D. Del. Feb. 10, 2015); *In re Event Rentals, Inc.*, Case No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014); *In re Natrol, Inc.*, Case No. 14-11446 (BLS) (Bankr. D. Del. June 23, 2014); *In re ATLS Acquisition, LLC*, Case No. 13-10262 (PJW) (Bankr. D. Del. Feb. 20, 2013); *In re Sch. Specialty, Inc.*, Case No. 13-10125 (KJC) (Bankr. D. Del. Jan. 30, 2013); *In re THQ Inc.*, Case No. 12-13398 (MFW) (Bankr. D. Del. Dec. 20, 2012); *In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. Oct. 31, 2012); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (KG) (Bankr. D. Del. Jan. 20, 2011); *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (KG) (Bankr. D. Del. Nov. 19, 2010).

**B.     Payment of the Taxes and Fees is Appropriate and Necessary**

16.     The Debtors' payment of Taxes and Fees in the ordinary course of business is justified because, among other things, (a) certain of the Taxes and Fees are not property of the estate pursuant to section 541(d) of the Bankruptcy Code and (b) nonpayment of the Taxes and Fees could lead to Taxing Authorities pursuing avenues of recourse that would divert estate resources and cause the Debtors to incur additional fees, penalties, and interest.

**(i)     Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates**

17.     Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section

only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

18.    Certain Taxes collected from customers may constitute "trust fund" taxes, which the Debtors are required to collect and/or hold in trust for payment to the Taxing Authorities. Courts have held that such taxes are not part of a debtor's estate.  *See, e.g., Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that any prepetition payment of trust fund taxes is not a transfer subject to avoidance, because such funds are not the debtor's property); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3rd Cir. 1994) (holding withheld taxes were subject to a trust); *DuCharmes & Co. v. Mich. (In re DuCharmes & Co.)*, 852 F.2d 194 (6th Cir. 1988) (per curiam) (same); *Shank v. Wash. State Dep't of Revenue (In re Shank)*, 792 F.2d 829, 833 (9th Cir. 1986) (stating that sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435-36 (2d Cir. 1985) (same); *Rosenow v. Ill. Dep't of Revenue (In re Rosenow)*, 715 F.2d 277, 279-82 (7th Cir. 1983) (same); *W. Surety Co. v. Waite (In re Waite)*, 698 F.2d 1177, 1179 (11th Cir. 1983) (same).  To the extent these "trust fund" Taxes are collected by the Debtors, they are not property of the Debtors' estates under section 541(d) of the Bankruptcy Code.  *See, e.g., In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 104-05 (Bankr. E.D. Pa. 1987); *Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*, 155 F.3d 718, 721-22 (4th Cir. 1998) (stating that funds from various lenders held by closing agent in trust for designated third parties were not property of debtor's estate).  The Debtors, therefore, generally do not have an equitable interest in such funds, and they should be permitted to pay those "trust funds" to Taxing Authorities as they become due.

**(ii)    Payment of the Taxes and Fees Will Avoid Unnecessary Costs and Distractions in the Chapter 11 Cases**

19.    Any regulatory dispute or delinquency that affects the Debtors' ability to conduct business could have a wide-ranging and adverse effect on the Debtors' operations as a whole. Specifically, the Debtors' failure to pay the Taxes and Fees could adversely affect their business operations because, among other things, (a) Taxing Authorities could audit the Debtors; (b) Taxing Authorities could attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and pursue other remedies that could harm the estates; and (c) Taxing Authorities could argue that certain directors and officers are subject to personal liability—even if such a failure to pay such Taxes and Fees was not a result of malfeasance on their parts—which would distract those key individuals from their duties related to the Debtors' restructuring. Accordingly, the Debtors must continue to pay the Taxes and Fees as they become due to ensure that estate resources are not wasted and their officers and directors remain focused during the Chapter 11 Cases on operating the businesses and implementing a successful restructuring.

**C.    The Taxes and Fees Would Constitute Priority Claims**

20.    The Debtors submit that authorizing the payment of the Taxes and Fees is in the best interests of their creditors and estates because the Taxes and Fees would constitute priority claims under section 507(a)(8) of the Bankruptcy Code and might also be secured claims.  As such, payment of the Taxes and Fees will not prejudice the rights of general unsecured creditors, because the Taxing Authorities will not receive more than they would be entitled to under a chapter 11 plan.  Thus, the payment of the Taxes and Fees at this time only affects the timing of the payment for what is likely to be the vast majority of the amounts at issue and, therefore, should not unduly prejudice the rights of other creditors.

21.    Similar relief is routinely granted by courts in this District.  *See, e.g., In re True Religion Apparel, Inc., et al.*, No. 17-11460 (CSS) (Bankr. D. Del. July 6, 2017); *In re Marsh Supermarkets Holding, LLC, et al.*, No. 17-11066 (BLS) (Bankr. D. Del. June 5, 2017); *In re Gen. Wireless Operations Inc. DBA Radioshack, et al.* No. 17-10506 (BLS) (Bankr. D. Del. Mar. 10, 2017); *In re Garden Fresh Rest. Intermediate Holding, LLC, et al.*, No. 16-12174 (CSS) (Bankr. D. Del. Oct. 3, 2016); *In re Roadhouse Holding Inc., et al*, No. 16-11819 (BLS) (Bankr. D. Del. Aug. 9, 2016); *In re Haggen Holdings, Inc., LLC, et al.*, No. 15-11874 (KG) (Bankr. D. Del. Oct. 2, 2015).

**D.    The Court Should Authorize Applicable Banks to Honor Checks and Electronic Fund Transfers in Accordance with the Motion**

22.    In connection with the foregoing, the Debtors respectfully request that the Court (a) authorize all applicable Banks to receive, process, honor, and pay all checks and transfers issued by the Debtors in accordance with this Motion, without regard to whether any checks or transfers were issued before or after the Petition Date; (b) provide that all Banks may rely on the representations of the Debtors with respect to whether any check or transfer issued or made by the Debtors before the Petition Date should be honored pursuant to this Motion (such banks and other financial institutions having no liability to any party for relying on such representations by the Debtors provided for herein); and (c) authorize the Debtors to issue replacement checks or transfers to the extent any checks or transfers that are issued and authorized to be paid in accordance with this Motion are dishonored or rejected by the Banks.

**E.    Immediate Relief is Justified**

23.    Pursuant to Bankruptcy Rule 6003, the Court may grant relief within 21 days after the filing of the petition regarding a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate" only if such relief is necessary to avoid immediate and

irreparable harm.  Fed. R. Bankr. P. 6003(b).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

24.    Moreover, Bankruptcy Rule 6003 authorizes the Court to grant the relief requested herein to avoid harm to the Debtors' customers and other third parties.  Unlike Bankruptcy Rule 4001, Bankruptcy Rule 6003 does not condition relief on imminent or threatened harm to the estate alone.  Rather, Bankruptcy Rule 6003 speaks of "immediate and irreparable harm" generally.  *Cf.* Fed. R. Bankr. P. 4001(b)(2), (c)(2) (referring to "irreparable harm to the estate").  Indeed, the "irreparable harm" standard is analogous to the traditional standards governing the issuance of preliminary junctions.  *See* 9 *Collier on Bankruptcy* ¶ 4001.07[b][3] (discussing source of "irreparable harm" standard under Rule 4001(c)(2)).  Courts will routinely consider third-party interests when granting such relief.  *See, e.g., Capital Ventures Int'l v. Argentina*, 443 F.3d 214, 223 n.7 (2d Cir. 2006); *see also Linnemeir v. Bd. of Trs. of Purdue Univ.*, 260 F.3d 757, 761 (7th Cir. 2001).

25.    As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without Court authorization to pay the Taxes and Fees and for the related relief requested herein.

26.    Accordingly, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## **REQUEST FOR WAIVER OF STAY**

27.    To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), any

"order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

28. To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

## DEBTORS' RESERVATION OF RIGHTS

29. Nothing contained herein is intended nor should it be construed as an admission of the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any claim. The Debtors expressly reserve their rights to contest any invoice or claim of any Taxing Authority under applicable non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## NOTICE

30. The Debtors have provided notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for Raven Capital Management LLC; (vi) counsel for Bank of Colorado; (vii) counsel for Riesen Funding LLC; (viii) the Debtors' cash management banks; and (ix) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis). Notice of this Motion and any order

entered on this Motion will be served as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:  Wilmington, Delaware
        October 18, 2017

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael R. Nestor*
Michael R. Nestor (No. 3526)
Edmon L. Morton (No. 3856)
Ryan M. Bartley (No. 4985)
Elizabeth S. Justison (No. 5911)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email: mnestor@ycst.com
        emorton@ycst.com
        rbartley@ycst.com
        ejustison@ycst.com

-and-

Jeffrey C. Krause (CA No. 94053)
Michael S. Neumeister (CA No. 274220)
Emily B. Speak (CA No. 294852)
Brittany N. Schmeltz (CA No. 313552)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Tel:    (213) 229-7000
Fax:    (213) 229-7520
Email: jkrause@gibsondunn.com
        mneumeister@gibsondunn.com
        espeak@gibsondunn.com
        bschmeltz@gibsondunn.com

*Proposed Counsel for the Debtors
and Debtors in Possession*

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAC ACQUISITION LLC, *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ____ |

**ORDER (A) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES, AND (B) AUTHORIZING BANKS TO RECEIVE, PROCESS, AND HONOR CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS RELATED THERETO**

Upon the *Debtors' Motion for Entry of an Order (a) Authorizing the Payment of Certain Prepetition Taxes and Fees, and (b) Authorizing Banks to Receive, Process, and Honor Checks Issued and Electronic Payment Requests Related Thereto* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is

---

[1]       The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963).  The headquarters for the above-captioned Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

[2]       All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:22431088.5

adequate and no other or further notice need be given; and a hearing having been held to

consider the relief requested in the Motion; and upon the record of the hearing and all of the

proceedings had before this Court; and this Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all

other parties in interest; and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

   **IT IS HEREBY ORDERED THAT:**

  1.  The Motion is GRANTED as set forth herein.

  2.  The Debtors are authorized, but not directed, in the exercise of their reasonable

business judgment, to pay and remit to the Taxing Authorities the Taxes or Fees as they come

due in the ordinary course of business; *provided, however*, that without prejudice to the Debtors'

right to seek additional payments, the aggregate amount of such payments on account of Taxes

and Fees shall not exceed $1.7 million.

  3.  Nothing herein shall impair any right of the Debtors to dispute or object to any

taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the

Taxes and Fees as to amount, liability, classification, or otherwise.

  4.  Each of the Banks is authorized to honor checks presented for payment and all

fund transfer requests made by the Debtors, to the extent that sufficient funds are on deposit in

the applicable accounts, in accordance with this Order and any other order of this Court.

  5.  The Debtors are authorized to issue postpetition checks, or to effect postpetition

fund transfer requests, in replacement of any checks or fund transfer requests in connection with

any Taxes and Fees that are dishonored or rejected.

01:22431088.5

6.      Nothing in the Motion or this Order, or the Debtors' payment of any claims

pursuant to this Order, shall be deemed or construed as:  (a) an admission as to the validity of

any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute

any claim or lien; (c) an admission of the priority status of any claim; or (d) a modification of the

Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any

amounts owed or paid to any Taxing Authority.

7.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient and

the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.


Dated: _____, 2017
          Wilmington, Delaware


_____

UNITED STATES BANKRUPTCY JUDGE


01:22431088.5

3