IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAC ACQUISITION LLC, *et al.*,[1] | Case No. 17-12224 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 9** |

**ORDER (A) AUTHORIZING PAYMENT OF CERTAIN PREPETITION WORKFORCE CLAIMS, INCLUDING WAGES, SALARIES AND OTHER COMPENSATION, (B) AUTHORIZING PAYMENT OF CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (C) AUTHORIZING PAYMENT OF REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (D) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (E) AUTHORIZING PAYMENT OF WORKERS' COMPENSATION OBLIGATIONS, AND (F) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO ADMINISTRATORS AND THIRD PARTY PROVIDERS**

Upon the *Debtors' Motion for Entry of an Order (A) Authorizing Payment of Certain Prepetition Workforce Claims, Including Wages, Salaries and Other Compensation, (B) Authorizing Payment of Certain Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (C) Authorizing Payment of Reimbursement to Employees for Expenses Incurred Prepetition, (D) Authorizing Payment of Withholding and Payroll-Related Taxes, (E) Authorizing Payment of Workers' Compensation Obligations, and (F) Authorizing Payment of Prepetition Claims Owing to Administrators and Third Party Providers* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963). The headquarters for the above-captioned Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:22469827.2

(collectively, the "Debtors"); and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.  The Motion is GRANTED as set forth herein.

2.  Except as otherwise set forth herein, the Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, but not obligated or directed, in the reasonable exercise of their business judgment and in the ordinary course of business, to pay and honor amounts on account of Employee Compensation Obligations and Contract Workers Obligations (exclusive of Withholding Obligations); *provided, however*, that, subject to the requirements of 11 U.S.C. section 507(a)(4) of the Bankruptcy Code, without prejudice to the

Debtors' right to seek additional payments, the Debtors shall not make any payments in excess of $12,850 on account of prepetition Employee Compensation Obligations or Contract Workers Obligations to any one Employee, respectively, absent further order of the Court, and (b) the aggregate amount of such payments on account of Employee Compensation Obligations and Contract Workers Obligations (inclusive of Withholding Obligations) shall not exceed $1.75 million unless further ordered by the Court.

3. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are authorized, but not directed, to make payments under the Restaurant Bonus Programs and Catering Bonus Programs to non-insiders in an aggregate amount not to exceed $300,000. The Debtors are further authorized, but not directed, to maintain the Restaurant Bonus Programs and Catering Bonus Program in the ordinary course of business. Notwithstanding anything herein to the contrary, payment of amounts due under the RSC Bonus Program will only be made after the filing of a separate motion and entry of a separate order.

5. The Debtors are authorized, but not directed, (a) to continue the Debtors' PTO policies in the ordinary course of business and (b) to honor all obligations under the Debtors' PTO policies, including payout of accrued PTO upon termination in accordance with the Debtors' prepetition practice and applicable law; *provided, however*, that payments to any terminated Employee on account of PTO shall not exceed (i) $12,850, *minus* (ii) any amount the terminated Employee received pursuant to paragraph 2 of this Order.

6. The Debtors are authorized, but not directed, to continue to honor their Reimbursable Expense Obligations, and including any prepetition obligations, in accordance with the Debtors' stated policies and prepetition practices, and are authorized to satisfy such Reimbursable Expense Obligations in an amount not to exceed $40,000; *provided, however*, that satisfaction of prepetition Reimbursable Expense Obligations shall only be allowed to the extent Employees have paid for such expenses directly from their own funds or are otherwise personally liable for such expenses.

7. The Debtors are authorized, but not directed, to continue to honor their Car Allowance Obligations, including any prepetition obligations, in accordance with the terms and conditions existing as of the Petition Date, and are authorized to satisfy such Car Allowance Obligations in an amount not to exceed $5,000.

8. The Debtors are authorized, but not directed, to honor the Employee Benefit Plans in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to make any necessary contributions to such programs and pay any unpaid premium, claim, or amount owed as of the Petition Date with respect thereto.

9. The Debtors are authorized, but not directed, to pay Workers 'Compensation Claims.

10. The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Compensation Obligations or the Employee Benefits Obligations, including the Payroll Administrator Obligations, the Medical Administrator Obligations, the FSA Administrator Obligations, and the Workers' Compensation Administrator Obligations.

11. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, or any other party in interest, to the extent applicable, to contest the validity and amount of any payment made pursuant to this Order.

12. Each of the Processors is authorized to receive, process, honor, and pay all checks and transfers issued or requested by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Employee Obligations that are dishonored or rejected.

14. Nothing in the Motion or this Order shall be construed to authorize any payments governed by section 503(c)(3) of the Bankruptcy Code or any severance payments to insiders in excess of the limits set forth in section 503(c)(2) of the Bankruptcy Code.

15. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

16. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Oct. 19, 2017
Wilmington, Delaware

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE