IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MAC ACQUISITION LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 17-12224 (MFW) <br><br> (Jointly Administered) <br><br> **Ref. Docket No. 10** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363, 507(a)(2), 541, 1107(a), AND 1108 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE PAYMENT OF PREPETITION CLAIMS ARISING UNDER (A) THE PERISHABLE AGRICULTURAL COMMODITIES ACT, (B) THE PACKERS AND STOCKYARDS ACT, AND (C) SECTION 503(b)(9) OF THE BANKRUPTCY CODE AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED TO THE FOREGOING**

Upon the *Debtors' Motion For Entry of Interim and Final Orders, Pursuant to sections 105(a), 363, 541, 1107(a), and 1108 of the Bankruptcy Code, (i) Authorizing the Payment of Prepetition Claims Arising under (a) the Perishable Agricultural Commodities Act and (b) the Packers and Stockyards Act, and (ii) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related to the Foregoing* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963). The headquarters for the above-captioned Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on an interim basis, as set forth herein.

2. **A final hearing on the relief sought in the Motion shall be conducted on November 13, 2017, at 11:30 a.m. (ET). Any objections to the Motion and to entry of the Final Order must be filed by November 6, 2017, at 4:00 p.m. (ET) (the "Objection Deadline")** and served so that it is received by the following counsel to the Debtors on or before the Objection Deadline: (i) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Jeffrey C. Krause, Esq. and Michael S. Neumeister, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor, Esq. and Edmon L. Morton, Esq.). If no

01:22469829.2

objections are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3.  The Debtors are authorized, in their sole discretion, to pay or otherwise satisfy all valid PACA/PASA Claims in the ordinary course of business in an aggregate amount not to exceed $2,750,000.

4.  Any PACA/PASA Vendor who accepts payment from the Debtors in satisfaction of its valid PACA/PASA Claim will be deemed to have waived any and all PACA/PASA claims of whatever type, kind, or priority against the Debtors, their property, their estates, and any PACA/PASA Trust Assets, but only to the extent that payment has been received by such PACA/PASA Vendor on account of its PACA/PASA Claim.

5.  Nothing in this Order impairs the rights of holders of PACA or PASA Claims to enforce their rights under PACA or PASA consistent with applicable law, including, but not limited to, section 362 of the Bankruptcy Code, or to seek redress from this Court with respect to their rights under PACA or PASA.

6.  In the event that any Vendor that has received payment for its Claim refuses to continue to provide goods and services, as applicable, on an uninterrupted basis, to the Debtors in accordance with (i) the terms and provisions of this Order, (ii) Historical Trade Terms, or (iii) such other terms agreed upon by the Debtors and such Vendor, in their sole discretion, the Debtors shall be authorized, but not obligated, to deem the payments made to any such Vendor to have been in payment of any then-outstanding postpetition claims of such Vendor.  If this situation arises, the previously paid prepetition Claims of the Vendor shall be reinstated as prepetition Claims.  To the extent that the payments made to the Vendor on account of the previously paid Claims exceed the postpetition amounts then owed to such Vendor, all rights of

the Debtors and their estates to recover such payments shall be reserved. Notwithstanding the foregoing, the Debtors' exercise of remedies pursuant to this paragraph is subject to entry of a further order, which the Debtors may seek by filing a motion to enforce the terms of this Order on not less than five (5) business days' notice to the affected counterparty.

7. The Banks are authorized to receive, process, honor, and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, the Claims paid pursuant to this Order, regardless of whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

8. Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against a Vendor; or (iv) shall be construed as a promise to pay a claim.

9. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

10. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Oct. 19, 2017
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　MARY F. WALRATH
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

01:22469829.2

5