| **Fill in this information to identify the case:** |
| --- |
| **Debtor name:** MAC PARENT LLC |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 17-12225 |

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:  Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue (Check all that apply) | Gross revenue (before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:**  From  12/27/2016  to  10/17/2017 | ☐ Operating a business<br>☐ Other _____ | $0.00 |
| **For prior year:**  From  12/29/2015  to  10/31/2016 | ☐ Operating a business<br>☐ Other _____ | $0.00 |
| **For the year before that:**  From  4/17/2015  to  11/2/2015 | ☐ Operating a business<br>☐ Other _____ | $0.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:**  From _____ to _____ | _____ | $_____ |
| | From _____ to _____ | _____ | $_____ |
| | From _____ to _____ | _____ | $_____ |

Debtor    **MAC PARENT LLC**                                                              Case number *(if known)* **17-12225**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | _____<br>_____<br>_____ | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425.00. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | _____<br>_____<br>_____ | _____ | $_____ | _____ |
| | **Relationship to debtor** | | | |
| | _____ | | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | _____<br>_____<br>_____ | _____ | _____ | $_____ |

Debtor    **MAC PARENT LLC**                                                    Case number *(if known)* **17-12225**

---

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| 6.1. | _____ | _____ | _____ | $_____ |
| | _____ | | | |
| | _____ | | | |
| | _____ | Last 4 digits of account number: XXXX–_____ | | |

Debtor   **MAC PARENT LLC**                                    Case number *(if known)* **17-12225**

| Part 3: | Legal Actions or Assignments |
|---|---|

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | BGHIGH V. MAC PARENT LLC AND MAC ACQUISITION LLC | PERSONAL INJURY | DISTRICT COURT, HARRIS COUNTY, TX, 61ST JUDICIAL DISTRICT 201 CAROLINE ST # 900 HOUSTON TX 77002 | ☑ Pending ☐ On appeal ☐ Concluded |
| | **Case number** | | | |
| | CAUSE NO. 2017-03317 | | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.2. | EKRYSS V. IGNITE RESTAURANT GROUP, ET AL. *INCLUDES DEFENDANTS RAYMOND A. BLANCHETTE, III; KEVIN COTTINGHAM; RODNEY MORRIS, MAC PARENT LLC JOHN GILBERT, REDROCK PARTNERS LLC AND DEAN RIESEN | WAGE AND HOUR | U.S. COURT OF APPEALS FOR THE SECOND CIRCUIT 40 FOLEY SQUARE THURGOOD MARSHALL U.S. COURTHOUSE NEW YORK NY 10007 | ☐ Pending ☑ On appeal ☐ Concluded |
| | **Case number** | | | |
| | CIVIL ACTION NO. 6:15-CV-06742 | | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.3. | EKRYSS V. IGNITE RESTAURANT GROUP, ET AL. *INCLUDES DEFENDANTS RAYMOND A. BLANCHETTE, III; KEVIN COTTINGHAM; RODNEY MORRIS, MAC PARENT LLC JOHN GILBERT, REDROCK PARTNERS LLC AND DEAN RIESEN | WAGE AND HOUR | US DISTRICT COURT WESTERN DISTRICT OF NEW YORK 100 STATE ST ROCHESTER NY 14614 | ☑ Pending ☐ On appeal ☐ Concluded |
| | **Case number** | | | |
| | CASE NO. 15-CV-6742 | | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.4. | RANDY JAMES V. BRINKER RESTAURANT CORP, MAC ACQUISITION LLC, MAC PARENT LLC, REDROCK PARTNERS LLC | PERSONAL INJURY | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO SMALL CLAIMS DIVISION 301 BICENTENNIAL CIRCLE SACRAMENTO CA 95826-2701 | ☐ Pending ☐ On appeal ☑ Concluded |
| | **Case number** | | | |
| | 17SC02781 | | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.5. | WESTBROOK V. MAC PARENT LLC ET AL.*, *COMPLAINT ALSO NAMED MAC ACQUISITION LLC IGNITE RESTAURANT GROUP, INC., AND REDROCK PARTNERS LLC | PERSONAL INJURY | COUNTY CIVIL COURT, TRAVIS COUNTY, TEXAS 1000 GUADALUPE AUSTIN TX 78701 | ☑ Pending ☐ On appeal ☐ Concluded |
| | **Case number** | | | |
| | CAUSE NO. C-1-CV-17-002413 | | | |

Debtor    **MAC PARENT LLC**                                                                Case number *(if known)* **17-12225**

---

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1. _____ | _____ | $_____ |
| _____ | **Case title** | **Court name and address** |
| _____ | _____ | _____ |
| | **Case number** | _____ |
| | _____ | _____ |
| | **Date of order or assignment** | |
| | _____ | |

Debtor    **MAC PARENT LLC**                                                    Case number *(if known)* **17-12225**

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ | _____ | _____ | $_____ |
| _____ | | | |
| _____ | | | |
| _____ | | | |

| Recipient's relationship to debtor |
|---|
| _____ |

Debtor    **MAC PARENT LLC**                                                                     Case number *(if known)* **17-12225**

| Part 5: | Certain Losses |
|---|---|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|---|
| 10.1. | 1238 TYRONE SQUARE, FL<br>SIGNAGE AND STRUCTURE<br><br>HURRICANE IRMA | $0.00 | 9/10/2017 | $15,000.00 |

| | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|---|
| 10.2. | 31003 - KENDALL, FL<br>ROOF AND DAMAGED TREES<br><br>HURRICANE IRMA | $0.00 | 9/10/2017 | $6,000.00 |

| | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|---|
| 10.3. | 31060 - KISSIMMEE, FL<br>SIGNAGE<br><br>HURRICANE IRMA | $0.00 | 9/10/2017 | $3,000.00 |

| | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|---|
| 10.4. | 31081 - LAKE BUENA VISTA, FL<br>SIGNAGE, DAMAGED TREES, ROOF<br><br>HURRICANE IRMA | $0.00 | 9/10/2017 | $3,000.00 |

Debtor    **MAC PARENT LLC**                                                    Case number *(if known)* **17-12225**

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

| | | | |
|---|---|---|---|
| 10.5. | 31088 - WOODLANDS, TX<br>BUSINESS CLOSURE - 4 DAYS<br><br>HURRICANE HARVEY | $0.00 | 8/26/2017 | $0.00 |

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

| 10.6. | 31131 - CORPUS CHRISTI, TX<br>BUSINESS CLOSURE 3 - DAYS<br><br>HURRICANE HARVEY | $0.00 | 8/26/2017 | $0.00 |

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

| 10.7. | 31132 - BEACON CENTER, FL<br>SIGNAGE<br><br>HURRICANE IRMA | $0.00 | 9/10/2017 | $6,000.00 |

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

| 10.8. | 31167 - DENVER WEST, CO<br>ROOF, HVAC AND SIGNAGE<br><br>HAIL STORM DAMAGE | $0.00 | 5/8/2017 | $80,000.00 |

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

| 10.9. | 31340 - WINTER GARDEN, FL<br>DAMAGED TREES<br><br>HURRICANE IRMA | $0.00 | 9/10/2017 | $3,000.00 |

Debtor    **MAC PARENT LLC**                                                   Case number *(if known)* **17-12225**

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| 10.10.  31345 - OVIEDO, FL<br>ROOF, SIGNAGE, DAMAGED TREES<br><br>HURRICANE IRMA | $0.00 | 9/10/2017 | $3,000.00 |

Debtor    **MAC PARENT LLC**    Case number *(if known)* **17-12225**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

|       | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|-------|--------------------------------------------|-------------------------------------------------|-------|-----------------------|
| 11.1. | SEE RESPONSE TO QUESTION 11 PROVIDED BY MAC ACQUISITION LLC | _____ | _____ | $_____ |
|       | **Address** | | | |
|       | | | | |
|       | **Email or website address** | | | |
|       | _____ | | | |
|       | **Who made the payment, if not debtor?** | | | |
|       | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

|       | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|-------|-------------------------|-----------------------------------|---------------------------|-----------------------|
| 12.1. | _____ | _____ | _____ | $_____ |
|       | **Trustee** | | | |
|       | _____ | | | |
|       | _____ | | | |
|       | _____ | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

Debtor    **MAC PARENT LLC**                                                    Case number *(if known)* **17-12225**

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |
| **Address** | | | |
| _____ | | | |
| _____ | | | |
| _____ | | | |
| **Relationship to debtor** | | | |
| _____ | | | |

Debtor    **MAC PARENT LLC**                                                      Case number *(if known)* **17-12225**

| Part 7: | Previous Locations |
| --- | --- |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
| --- | --- |
| 14.1. | 1855 BLAKE ST.<br>SUITE 200<br>DENVER CO 80202 | From 4/20/2017 To CURRENT |

| Address | Dates of occupancy |
| --- | --- |
| 14.2. | 3100 SOUTH GESSNER RD<br>SUITE 125<br>HOUSTON TX 77063 | From 4/17/2015 To 4/20/2017 |

| Address | Dates of occupancy |
| --- | --- |
| 14.3. | 9900 WESTPARK DRIVE<br>SUITE 300<br>HOUSTON TX 77063 | From 4/9/2013 To 4/16/2015 |

Debtor    **MAC PARENT LLC**                                    Case number *(if known)* **17-12225**

---

| **Part 8:** | Healthcare Bankruptcies |
| --- | --- |

**15. Healthcare bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |
| 15.1. _____ _____ _____ | | |
| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider | **How are records kept?** |
| | _____ _____ _____ | Check all that apply: ☐ Electronically ☐ Paper |

Debtor    **MAC PARENT LLC**                                                        Case number *(if known)* **17-12225**

| Part 9: | Personally Identifiable Information |
| --- | --- |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No

☐ Yes. State the nature of the information collected and retained. _____

        Does the debtor have a privacy policy about that information?

        ☐ No

        ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ☐ No. Go to Part 10.

    ☑ Yes. Does the debtor serve as plan administrator?

        ☑ No. Go to Part 10

        ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
| --- | --- |
| _____ | EIN: __ __-__ __ __ __ __ __ __ |

        Has the plan been terminated?

        ☐ No

        ☐ Yes

Debtor    **MAC PARENT LLC**                                                                    Case number *(if known)* **17-12225**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ _____ _____ | XXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $_____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1. | _____ _____ _____ | _____ _____ _____ | _____ | ☐ No<br>☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1. | _____ _____ _____ | _____ _____ _____ | _____ | ☐ No<br>☐ Yes |

Debtor    **MAC PARENT LLC**                                                Case number *(if known)* **17-12225**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1. _____ _____ _____ _____ | _____ | _____ | $_____ |

Debtor    **MAC PARENT LLC**                                                    Case number *(if known)* **17-12225**

---

**Part 12:**   **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1. | _____ | _____ | _____ | ☐ Pending |
| | Case number | _____ | | ☐ On appeal |
| | _____ | _____ | | ☐ Concluded |

---

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | _____ | |
| | _____ | _____ | | |

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | _____ | |
| | _____ | _____ | | |

Debtor    **MAC PARENT LLC**                                                                    Case number *(if known)* **17-12225**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | MAC ACQUISITION IP LLC<br>1855 BLAKE ST<br>STE 200<br>DENVER CO 80206 | CASUAL DINING | EIN: 26-3533661 |
| | | | **Dates business existed** |
| | | | From 10/1/2014 To Present |

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.2. | MAC HOLDING LLC<br>1855 BLAKE ST<br>STE 200<br>DENVER CO 80206 | CASUAL DINING | EIN: 26-3096682 |
| | | | **Dates business existed** |
| | | | From 8/1/2008 To Present |

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1. | DAVID M. GODFREY<br>1855 BLAKE STREET<br>STE 200<br>DENVER CO 80202 | From 4/9/2015 To Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26b.1. | EKS&H<br>8181 EAST TUFTS AVENUE<br>STE 600<br>DENVER CO 80237 | From 4/17/2015 To Present |

| | Name and address | Dates of service |
|---|---|---|
| 26b.2. | EKS&H<br>8181 EAST TUFTS AVENUE<br>STE 600<br>DENVER CO 80237 | From 4/17/2015 To Present |

| | Name and address | Dates of service |
|---|---|---|
| 26b.3. | EKS&H<br>8181 EAST TUFTS AVENUE<br>STE 600<br>DENVER CO 80237 | From 4/17/2015 To Present |

Debtor    **MAC PARENT LLC**

Case number *(if known)* **17-12225**

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  DAVID M. GODFREY<br>1855 BLAKE STREET<br>STE 200<br>DENVER CO 80202 | _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    SEE GLOBAL NOTES |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1.  _____ | _____ | $_____ |
| **Name and address of the person who has possession of inventory records** | | |
| _____<br>_____<br>_____<br>_____ | | |

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1.  DEAN A. RIESEN<br>1855 BLAKE ST.<br>SUITE 200<br>DENVER CO 80202 | CHAIRMAN AND CO-CFO | N/A | _____ |

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.2.  JEFFREY MEYER<br>1855 BLAKE ST.<br>SUITE 200<br>DENVER CO 80202 | ASSISTANT SECRETARY | N/A | _____ |

Debtor    **MAC PARENT LLC**                                                     Case number *(if known)* **17-12225**

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.3. MAURY L. CUJE<br>1855 BLAKE ST.<br>SUITE 200<br>DENVER CO 80202 | ASSISTANT SECRETARY | N/A | _____ |

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.4. NISHANT MACHADO<br>1855 BLAKE ST.<br>SUITE 200<br>DENVER CO 80202 | PRESIDENT, CEO, CHIEF<br>RESTRUCTURING OFFICER | N/A | _____ |

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.5. PASQUALE MATURO<br>1855 BLAKE ST.<br>SUITE 200<br>DENVER CO 80202 | CO-CFO AND TREASURER | N/A | _____ |

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.6. REDROCK PARTNERS, LLC | N/A | MEMBERSHIP INTEREST | 100.00% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.1. ALIX UDELSON<br>500 DALLAS ST<br>STE 3000<br>HOUSTON TX 77002 | ASSISTANT CORPORATE<br>SECRETARY | N/A | From 8/14/2015 To 1/8/2017 |

| Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.2. DEAN A RIESEN<br>1855 BLAKE ST.<br>SUITE 200<br>DENVER CO 80202 | CFO/TREASURER | N/A | From 4/17/2015 To 5/30/2017 |

| Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.3. JOHN F. GILBERT III | PRESIDENT & CEO | N/A | From 4/17/2015 To 5/30/2017 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below

Debtor    **MAC PARENT LLC**                                                    Case number *(if known)* **17-12225**

| Name and address of recipient | Amount of money or value of property | Description of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. _____ \n _____ \n _____ \n _____ | $_____ | _____ | _____ | _____ |
| **Relationship to debtor** \n _____ | | | | |

---

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☒ Yes. Identify below

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1.    REDROCK PARTNERS, LLC | EIN: 27-2815689 |

---

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1. _____ \n _____ \n _____ | EIN: __ __-__ __ __ __ __ __ __ |

Debtor   **MAC PARENT LLC**                                                                 Case number *(if known)* **17-12225**

---

**Part 14:**   Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

11/17/2017
MM/DD/YYYY

✖   /s/ Nishant Machado _____        Printed name   Nishant Machado
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   President, CEO and Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No
☐ Yes

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MAC ACQUISITION LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12224 (MFW)<br><br>(Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Mac Acquisition LLC, Mac Parent LLC, Mac Holding LLC, Mac Acquisition of New Jersey LLC, Mac Acquisition of Kansas LLC, Mac Acquisition of Anne Arundel County LLC, Mac Acquisition of Frederick County LLC, Mac Acquisition of Baltimore County LLC, and Macaroni Grill Services LLC (collectively, the "**Debtors**") with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963). The headquarters for the above-captioned Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised or re-categorized.  The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors.  In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

### Global Notes and Overview of Methodology

1. **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-

2

bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

2. **Description of Cases and "as of" Information Date**.  On October 18, 2017 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On October 19, 2017, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 39].

**The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of the close of business on September 25, 2017, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on October 17, 2017.**

3. **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets as of the Petition Date.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the period ended August 31, 2017, as set forth in the Debtors' books and records.  Additionally, because the book values of certain assets, such as patents, trademarks, and copyrights, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4. **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated (including as "disputed," "contingent," "unliquidated," and "subject to set-off"), or omitted certain items or designations due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

3

5. **Real Property and Personal Property–Leased**. In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including, fixtures, and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. The Debtors have included on Schedule D (secured debt) lease obligations to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

6. **Excluded Assets and Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding prepetition Claims on a post-petition basis. However, prepetition liabilities related to ordinary course wages and compensation and certain trade claim may have been excluded from the Schedules to the extent their Claims have been paid post-petition.

7. **Insiders**. Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors and limited liability company managers; (b) senior level officers; (c) equity holders holding in excess of 5% of the voting securities of the Debtor entities; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

8. **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or a non-Debtor, or *vice versa*. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts and Unexpired Leases**. Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.

Moreover, other than real property leases reported in Schedule A/B 55, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

10. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

11. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.    Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

      c.      <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

12. **Estimates and Assumptions**.  Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual amounts could differ from those estimates, perhaps materially.

13. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

14. **Intercompany.**  The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

15. **Setoffs**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets in the ordinary course of business are not independently accounted for, and as such, may be excluded from the Debtors' Schedules and Statements.

16. **Global Notes Control**.  If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**Schedule A/B**.  Other than real property leases reported on Schedule A/B 55, the Debtors have not included leases and contracts on Schedule A/B.  Leases and contracts are listed on Schedule G.

    **Schedule A/B 2**.  Petty cash represents cash on hand at restaurant locations including "register" cash.

    **Schedule A/B 3**.  Cash values held in financial accounts are listed on Schedule A/B 3 as of the open of business on October 18, 2017.  Details with respect to the Debtors' cash management system and bank accounts are provided in the Debtors' cash management motion filed on the Petition Date.  *See* [Docket No. 12].

    **Schedule A/B 11**.  Accounts receivable do not include intercompany receivables, which are listed on Schedule AB 77.

6

**Schedules A/B 15**.  Ownership interests in subsidiaries have been listed in Schedules A/B 15 as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and likely differs significantly from their net book value.

**Schedule A/B 55**.  The Debtors do not own any real property.  The Debtors have listed their real property leases in Schedule A/B 55. The Debtors' leasehold interests/improvements appear on Schedule A/B 55.

**Schedule A/B 74 & 75**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule AB 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included.  All Claims listed on Schedule D, however, were incurred before the Petition Date.

Reference to the applicable loan agreements and related documents or other instrument creating the purported lien is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, surety bonds, or statutory lien rights.

**Schedule E/F part 2**.  The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F part 2.  Furthermore, claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as

7

"undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E//F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F part 2 also includes potential or threatened litigation claims. Any information contained in Schedule E/F part 2 with respect to such potential litigation shall not be a binding admission or representation of the any Debtor's liability with respect to any of the potential suits and proceedings included therein. The Debtors expressly incorporate by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtors' Statement 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2. Finally, where litigation has been threatened or commenced against more than one Debtor, the Debtors may have scheduled those creditors under Mac Acquisition LLC, which is the primary operating company among the Debtors.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected, except where a judgment has been rendered.

**Schedule G**. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease was in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. Multiple listings may not reflect distinct contracts between the applicable Debtor and such supplier or provider but, instead, a series of documents comprising a single contract. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or terminated prior to the Petition Date. The Debtors reserve their rights to argue that any of the contracts, agreements, and leases listed on Schedule G expired or terminated prior to the Petition Date. Additionally, some of the contracts, agreements, and leases listed on Schedule G may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory

8

contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have not been included on the Schedule G.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H.  Any listing of a Debtor on Schedule H is subject to the characterization of the underlying obligations made by such Debtor on its owns Schedules.  The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties.  Because the Debtors have treated all such Claims as contingent, disputed, or unliquidated, such Claims may not have been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule E/F part 2 and Statement 7, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 3**.  Statement 3 for Mac Acquisition LLC includes any disbursement or other transfer made by or on behalf of all the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement 4), made as part of regular and ordinary course payroll disbursements, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals).  The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 4**.  With respect to individuals, the amounts listed reflect the universe of payments and transfers made specifically to or for the benefit of such individuals, including their regular compensation, as well as any bonuses, expense reimbursements, severance payments and/or relocation reimbursement.  However, amounts paid on behalf of such employees for generally applicable employee benefit programs has not been included.

The Debtors have included a single entry for all amounts made over the twelve months preceding the Petition Date for each insider.

**Statement 5**.  Statement 5 excludes goods returned in the ordinary course of business.  The restaurant furniture, fixtures and equipment reported in Statement 5 is all property in closed locations that the landlord obtained possession of in connection with the store closure.  The value is unknown.

**Statement 7**.  Information provided in Statement 7 may not include every administrative agency proceeding open or closed during the relevant time period, as certain agency proceedings are quickly dismissed or settled for a nominal sum.  Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 10**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.  The losses listed on Statement 10 are based on the estimated amounts currently owed and are not intended to be an admission of the amounts owed.  Further, Mac Parent LLC is the "named insured" under substantially all of the Debtors' insurance policies.  Accordingly, losses that are covered by insurance are listed under Mac Parent LLC even though they may relate to assets owned by (and income recognized by) other Debtors, primarily Mac Acquisition LLC, the primary asset-owning Debtor.

**Statement 11**.  Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in Statement 11.  However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services and may include services rendered to other parties.

**Statement 26d.**  The Debtors have provided financial statements in the ordinary course of their businesses to various financial institutions, creditors, landlords, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 26d.