**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MAC ACQUISITION LLC, *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 17-12224 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: May 1, 2018 at 10:30 a.m. (ET)<br>Obj. Deadline: April 23, 2018 at 4:00 p.m. (ET) |

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF FINAL DECREE CLOSING
CERTAIN CASES AND AMENDING CAPTION OF THE REMAINING CASES**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and before the effective date of their confirmed chapter 11 plan, the "Debtors") hereby submit this motion (this "Motion")[2] for entry of a final decree and order, substantially in the form attached hereto as Exhibit A (the "Proposed Final Decree"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) closing the chapter 11 cases of the Reorganized Debtors (collectively, the "Closing Cases") other than the case of Mac Holding LLC ("Mac Holding") (Case No. 17-12226) (the "Remaining Case"), (b) providing that, subsequent to the entry of the Proposed Final Decree, any pending or future matters regarding the Closing Cases shall be

---

[1] The Reorganized Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Mac Acquisition LLC (6362); Mac Parent LLC (6715); Mac Holding LLC (6682); Mac Acquisition of New Jersey LLC (1121); Mac Acquisition of Kansas LLC (3910); Mac Acquisition of Anne Arundel County LLC (6571); Mac Acquisition of Frederick County LLC (6881); Mac Acquisition of Baltimore County LLC (6865); and Macaroni Grill Services LLC (5963). The headquarters for the above-captioned Reorganized Debtors is located at 1855 Blake St., Ste. 200, Denver, CO 80202.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan (as defined herein), unless the context indicates otherwise.

addressed in the Remaining Case, (c) waiving certain post-confirmation reporting requirements, and (d) amending the caption of the Remaining Case. In support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Reorganized Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. The statutory bases for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## BACKGROUND

2. On October 18, 2017 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. From the Petition Date to the effective date of their chapter 11 plan, each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 30, 2017, the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an Official Committee of Unsecured Creditors (the "Committee"). As of the date hereof, no trustee or examiner has been appointed in these chapter 11 cases.

4. On November 17, 2017, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 196-213], as revised on December 19, 2017 [D.I. 316].

5. Through the Court's entry of its *Findings of Fact, Conclusions of Law, and Order Under Section 1129 of the Bankruptcy Code and Rule 3020 of the Bankruptcy Rules Confirming Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (with Modification)* [D.I. 504] (the "Confirmation Order"), dated February 7, 2018, the Court confirmed the *Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (with Modification)* [D.I. 505] (the "Plan"), which went effective on February 15, 2018 (the "Effective Date").

6. On the Effective Date or shortly thereafter, the Reorganized Debtors substantially consummated the Plan. All distributions required to be made under the Plan have been made or will be made in accordance with the terms of the Plan. In addition, as contemplated and required by the Plan and the Confirmation Order, all documents and agreements necessary to implement the Plan were executed in accordance with the terms of the Plan and the Confirmation Order.

7. Pursuant to the Confirmation Order, the Debtors' estates were consolidated into the single estate of Mac Holding for purposes of distributions and claims reconciliation. Confirmation Order ¶27. In relevant part, the Confirmation Order provides as follows:

> Pursuant to this Confirmation Order (i) all assets and liabilities of the consolidated Debtors shall be deemed to be merged solely for purposes of this Confirmation Order and the Plan, the confirmation thereof, and Distributions to be made thereunder, (ii) the obligations of each Debtor will be deemed to be the obligations of the consolidated Debtors solely for purposes of this Confirmation Order and the Plan, the confirmation thereof, and Distributions to be made thereunder, and administered in the Estate of Mac Holding LLC, (iii) any Claims filed or to be filed in connection with any such obligations will be deemed Claims against the consolidated Debtors, and administered in the Estate of Mac Holding LLC, (iv) each Claim filed in the Chapter 11 Case of any Debtor will be deemed filed against the Debtors in the consolidated Chapter 11 Cases in accordance with the limited consolidation of the assets and liabilities of the Debtors, and

administered in the Estate of Mac Holding LLC, (v) all transfers, disbursements and Distributions made by any Debtor or the Plan Trust, as applicable, under this Confirmation Order and the Plan shall be deemed to be made by the consolidated Debtors, and administered in the Estate of Mac Holding LLC, and (vi) all creditors that hold guarantees from the Debtors of the obligations of any other Debtors shall be allowed a single Claim against the consolidated Estates and any joint or several liability of any of the Debtors shall be deemed to be one obligation of the consolidated Debtors, and administered in the Estate of Mac Holding LLC.

*Id.*

8. The Confirmation Order further provides that this provision "shall not have any effect on the Debtors' right to request closing certain of the Debtors' Chapter 11 Cases prior to or after other Debtors' Chapter 11 Cases." *Id.*

9. In accordance with these provisions, the Reorganized Debtors have determined that in order to properly administer the claims process, it is only necessary to keep open the Remaining Case of Mac Holding. For that reason, through this Motion, the Reorganized Debtors seek to close the Closing Cases and only keep the Remaining Case of Mac Holding open.

**RELIEF REQUESTED**

10. By this Motion, the Reorganized Debtors request entry of the Proposed Final Decree: (a) closing the Closing Cases and leaving open the Remaining Case; (b) providing that, subsequent to the entry of the Proposed Final Decree, any pending or future matters regarding the Closing Cases shall be addressed in the Remaining Case; (c) waiving certain reporting requirements; and (d) amending the caption of the Remaining Case. The Reorganized Debtors propose that the caption for the Remaining Case provide as follows:

01:23043449.3

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAC HOLDING LLC,[1] | Case No. 17-12226 (MFW) |
| Reorganized Debtor. | |

---

[1] The Reorganized Debtor and the last four digits of its federal tax identification number are as follows: Mac Holding LLC (6682). The mailing address for the Reorganized Debtor is 1855 Blake St., Ste. 200, Denver, CO 80202. The chapter 11 cases of certain affiliates of the Reorganized Debtor have been closed. *See* D.I. [__].

## BASIS FOR RELIEF

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Finally, Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

12. The Advisory Committee Notes to Bankruptcy Rule 3022 (the "Advisory Committee Notes") set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a. whether the order confirming the plan has become final;

    b. whether deposits required by the plan have been distributed;

    c. whether the property proposed by the plan to be transferred has been transferred;

      d.      whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

      e.      whether payments under the plan have commenced; and

      f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

13. Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012) (noting that bankruptcy courts have flexibility in deciding whether an estate is fully administered and may consider the factors set forth in Rule 3022 as well as other relevant factors).

14. With respect to the Closing Cases, all of the factors have been satisfied, making it appropriate for the Court to enter a final decree closing those cases. Among other things: (a) the Confirmation Order has become final and non-appealable; (b) the Debtors have emerged from chapter 11 as reorganized entities; (c) all property proposed to be transferred under the Plan has been transferred; (d) on and after the Effective Date, the Reorganized Debtors assumed the business and management of the property dealt with by the Plan; (e) substantially all motions, contested matters, or adversary proceedings for the Reorganized Debtors have been resolved, and, to the extent any arise or remain pending, they can be adjudicated in the Remaining Case; and (f) distributions required under the Plan are, to the extent they are the obligation of the Reorganized Debtors, completed or will be completed in short order, or with respect to General Unsecured Claims, have been funded through the payment of the General Unsecured Cash Pool to the Plan Trust or to the administrator under the FLSA Claims Settlement. The claims

resolution process is ongoing, but can be administered under the Remaining Case. Thus, the foregoing factors support closure of the Closing Cases.

15. In addition, all expenses arising from the administration of the Closing Cases, including court fees, U.S. Trustee fees, professional fees and expenses, have been paid or will be paid in the amounts due as soon as reasonably practicable after they become due or are allowed, as applicable, and after the closure of the Closing Cases. The Debtors will complete all remaining quarterly reports within 30 days of closure of the Closing Cases.

16. Closing the Closing Cases will not prejudice any parties' rights, as such rights may be exercised in the Remaining Case. The cases this Motion seeks to close are simply unnecessary to the continued administration of the Debtors' estates and related matters. The closure of the Closing Cases will allow the Debtors to avoid unnecessarily incurring additional fees to the U.S. Trustee on account of the Closing Cases. *See, e.g.* 28 U.S.C. § 1930(a)(6) (requiring the payment of quarterly fees to the trustee).

17. Finally, it is appropriate to waive the requirement of filing a final report under Local Rule 3022-1(c). The administration of assets and liabilities will occur in the Remaining Case in accordance with the provisions of the Plan and can be fully and fairly accounted for in the final report to be filed upon a request to close the Remaining Case. Consequently, filing a final report for each of the Closing Cases at this time would not be helpful to the U.S. Trustee, creditors, or other parties in interest.

18. Accordingly, the Reorganized Debtors submit that there is ample justification for entry of a final decree closing the Closing Cases, and request that the Court enter the Proposed Final Decree.

## **NOTICE**

19.     The Reorganized Debtors have provided notice of this Motion to: (i) the U.S. Trustee; (ii) counsel for Raven Capital Management LLC; (iii) counsel for Bank of Colorado; (iv) counsel for Riesen Funding LLC; (v) counsel to the Committee; and (vi) all parties who have requested notice in these chapter 11 cases pursuant to Local Rule 2002-1.  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Reorganized Debtors request entry of the Proposed Final Decree: (a) closing the Closing Cases and leaving open the Remaining Case; (b) providing that, subsequent to the entry of the Proposed Final Decree, any pending or future matters regarding the Closing Cases shall be addressed in the Remaining Case; (c) waiving certain reporting requirements; (d) amending the caption of the Remaining Case; and (e) granting such other and further relief as is necessary and proper.

| | |
|---|---|
| Dated: April 9, 2018<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Elizabeth S. Justison*<br>Michael R. Nestor (No. 3526)<br>Edmon L. Morton (No. 3856)<br>Ryan M. Bartley (No. 4985)<br>Elizabeth S. Justison (No. 5911)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>         emorton@ycst.com<br>         rbartley@ycst.com<br>         ejustison@ycst.com<br><br>-and-<br><br>Jeffrey C. Krause (CA No. 94053)<br>Michael S. Neumeister (CA No. 274220)<br>Emily B. Speak (CA No. 294852)<br>Brittany N. Schmeltz (CA No. 313552)<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-7520<br>Email: jkrause@gibsondunn.com<br>         mneumeister@gibsondunn.com<br>         espeak@gibsondunn.com<br>         bschmeltz@gibsondunn.com<br><br>*Counsel to the Reorganized Debtors* |